PER CURIAM.
Appellant challenges the facial constitutionality of Section 784.07, Florida Statutes (1977), on the ground that the statute is violative of the equal protection clauses found in the United States and Florida Constitutions. He argues that the “compelling state interest” test is the burden which the State must sustain in order to uphold the statute at issue because felons suffer attendant inflictions from their classification as such which deprive them of fundamental rights. We recently upheld Section 784.07, Florida Statutes, against an equal protection challenge in Soverino v. *696 State, 356 So.2d 269 (Fla.1978), finding that a rational basis existed between the statutory classification and the object of the legislation. We reaffirm our implicit determination in that case that the constitutionality of the instant statute should be measured pursuant to the “rational basis” test and find appellant’s argument to be without merit. The statute merely reclassifies the crime of battery upon a law enforcement officer from a misdemeanor to a felony, an alteration of the sanction prescribed for conduct already prohibited. See Section 775.08, Florida Statutes (1977); Chapman v. Lake, 112 Fla. 746, 151 So. 399 (1932). The severity of the sanction prescribed by a classification does not indicate whether the affected interests are fundamental. Dor-rough v. Estelle, 497 F.2d 1007, 1011 (5th Cir. 1974), rev’d on other grounds 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975).
Accordingly, the order of the trial judge denying appellant’s motion to dismiss and upholding the constitutional validity of the statute is affirmed.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.