# MACK DONALD GRIMES *v.* STATE OF MARYLAND

[No. 108, September Term, 1982.]

*Decided September 8, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*John Grason Turnbull, II,* with whom were *Douglas T. Sachse* and *Turnbull, Mix & Farmer* on the brief, for appellant.

*Richard B. Rosenblatt, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

Per Curiam. MURPHY, C. J., dissents, and filed a dissenting opinion at page 3 *infra.*

PER CURIAM:

Appellant Mack D. Grimes was convicted in the Circuit Court for Baltimore County of assault with intent to murder. Prior to trial he filed a motion to suppress the hypnotically enhanced testimony of the victim of the crime. That motion was overruled in a scholarly opinion by the trial judge (Alpert, J.) The case then was submitted on an agreed statement of facts to yet another judge who convicted. An appeal followed to the Court of Special Appeals. We granted a writ of certiorari prior to argument in that court in order that we might consider this case with a number of others involving hypnotically enhanced testimony.

The parties have agreed to a statement of facts in this Court pursuant to Maryland Rule 828 g. No useful purpose would be served by a recitation of those facts. Suffice it to say that in this case the victim was unable to remember anything after she went into the bathroom of Grimes followed by Grimes' co-defendant, Barbara Felder. It is indicated that she suffered from hysterical amnesia. Under hypnosis she allegedly was able to recall certain events that previously had been lost to her. She then related the events of the night in question involving appellant and Felder.

At the hearing on the motion to suppress the State stipulated that if the victim's hypnotically enhanced testimony was suppressed, then "all of her testimony in regard to criminal agency should be suppressed."

We have just considered the matter of hypnotically enhanced testimony in *State v. Collins,* 296 Md. 670, 464 A.2d 1028 (1983), argued the same day this case was argued. We adopted the test laid down in *Frye v. United States,* 293 F. 1013 (D.C. Cir. 1923), adopted in Maryland in *Reed v. State,*

283 Md. 374, 391 A.2d 364 (1978), "as the basis for evaluation of testimony where a witness has been hypnotized." We declined to follow the procedures outlined in *State v. Hurd,* 86 N.J. 525, 432 A.2d 86 (1981), for the admission of hypnotically enhanced testimony. We said that we are not satisfied that such testimony meets the *Frye-Reed* test. We went on to say that this did not mean it is impermissible to use hypnosis for investigative purposes and we "s[aw] no reason why a person should not be permitted to testify in court in accord with statements which it can clearly be demonstrated he made prior to hypnosis," since "[s]uch is not then hypnotically enhanced testimony."

Unfortunately, in this instance we have no statements made by the victim relative to the accused prior to hypnosis and the State has stipulated, if we hold as we do, that the victim's testimony relative to criminal agency should be suppressed. It follows, therefore, that under our holding in *Collins* the judgment here must be reversed and the case remanded for a new trial.

> *Judgment reversed and case remanded to the Circuit Court for Baltimore County for a new trial; Baltimore County to pay the costs.*

*Murphy, C.J., dissenting:*

I decline to join in the Court's opinion for the reasons stated in my dissent in *State v. Collins,* 296 Md. 670, 464 A.2d 1028 (1983).