463 So.2d 564 (1985)
James Arthur BRINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1837.
District Court of Appeal of Florida, Second District.
February 15, 1985.
James Marion Moorman, Public Defender, and David Dwiggins, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
This defendant challenges sentences representing a departure from the recommended sentence indicated by his guidelines score sheet. The trial judge gave seven written reasons for the departure, five of which appear to us to be valid and proper, and two of which seem to us to be questionable. On balance, it would appear that the trial judge should be affirmed based on the five valid reasons rather than reversed with directions to reconsider the sentence. We have declined to reverse when only one of several reasons was found improper. Willard v. State, 462 So.2d 102 (Fla. 2d DCA 1985). In this case, however, we affirm but certify the same question that our sister court certified in Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984):
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY A DEPARTURE FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENCING?
AFFIRMED.
FRANK, J., and BOARDMAN, EDWARD F. (Ret.), J., concur.