466 So.2d 1144 (1985)
Terence A. BAKER, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1384.
District Court of Appeal of Florida, Third District.
March 26, 1985.
Rehearing Denied April 22, 1985.
Bennett H. Brummer, Public Defender and Harold Mendelow, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Jacki B. Geartner, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The day began when Baker dropped the paint cans and ran because some store employees interrupted his unlawful asportation of ten gallons of paint. When Baker was caught by a uniformed police officer acting in the line of duty, he wrestled the officer to the ground, picked up the officer's gun, shot the officer, and fled with the officer's gun. The day ended with Baker, *1145 a man with no prior criminal record, being charged with a life felony (attempted first-degree murder) and six third-degree felonies, namely, burglary of the paint store, theft of the paint, resisting arrest with violence, battery on a law enforcement officer, unlawful possession of a firearm while engaged in a criminal offense, and theft of the officer's gun.
Baker pleaded guilty to all the charges. The recommended sentence under the sentencing guidelines was twelve to seventeen years in prison.[1] When the trial court imposed a sentence of thirty-four years, Baker appealed.
Baker contends that the reasons given by the trial court for departing from the sentence recommended under the guidelines do not justify the departure. The trial court's stated reasons for departure were five in number:
1. The act was done in a willful, aggressive and premeditated manner.
2. The act was done during the commission of a theft and burglary.
3. The act was committed for pecuniary gain.
4. The victim did not provoke the defendant's actions.
5. The victim was a uniformed police officer.
It is well established that an inherent component of the crime, being already built into the guideline range, will not justify a guideline departure. See Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985) (use of gun inherent component of robbery with a deadly weapon); Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984) (premeditation, calculation, objective of pecuniary gain, and lack of provocation inherent components of armed robbery). Thus, that the act of attempted first-degree murder was unprovoked and done in a "willful, aggressive, and premeditated manner," common ingredients of all attempted first-degree murders, are not proper reasons for departure.
Likewise, that the act (referring to the act of attempted first-degree murder, that is, the primary offense) was committed "for pecuniary gain" and "done during the commission of a theft or burglary" are not justifiable reasons for departing from the guidelines. The burglary and theft were, as we have noted, see n. 1 supra, additional offenses at conviction for which points were already assessed against the defendant. Were these, or any, underlying or additional offenses again used to support guideline departure, then departure would be justified in any instance where multiple offenses are charged. Otherwise stated, the fact that the additional offenses were committed along with the primary offense is, as the guidelines already state, a reason to increase the score on the defendant's guideline scoresheet, but not a reason to aggravate the defendant's sentence outside of the guidelines.
We come now to the trial court's statement that the victim was a uniformed police officer. While we have found no Florida case directly holding that this reason can justify a sentence in excess of the recommended guidelines, the fact that a law enforcement officer is the victim of the crime has been held to justify the crime being elevated to a higher degree, see, e.g., Ex parte Murry, 455 So.2d 72 (Ala. 1984) (murder of police officer capital offense), and affords a rational basis for the reclassification of a crime to a higher offense, see, e.g., Street v. State, 383 So.2d 900 (Fla. 1980) (Section 784.07, Florida Statutes, making battery upon a law enforcement officer a felony, does not viola-se equal protection clause by the special treatment it gives to police officers as victims of batteries); Landrau v. State, 365 So.2d 695 (Fla. 1978) (same); Soverino v. State, 356 So.2d 269 (Fla. 1978) (same). Again, where the victim of a killing is a law enforcement *1146 officer on active duty, that fact is properly considered an aggravating circumstance supporting the imposition of the death penalty. See Jones v. State, 440 So.2d 570 (Fla. 1983) (an aggravating circumstance under Section 921.141(5)(g), Florida Statutes, is that capital felony was committed to disrupt or hinder the lawful exercise of any governmental function or the enforcement of laws); Tafero v. State, 403 So.2d 355 (Fla. 1981), cert. denied, 455 U.S. 983, 102 S.Ct. 1492, 71 L.Ed.2d 694 (1982); see also Ex parte Dobard, 435 So.2d 1351 (Ala. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 745, 79 L.Ed.2d 203 (1984) (aggravating circumstance where capital felony committed for purpose of avoiding lawful arrest); Calhoun v. State, 297 Md. 563, 468 A.2d 45 (1983), cert. denied, ___ U.S. ___, 104 S.Ct. 2374, 80 L.Ed.2d 846 (1984) (aggravating circumstance where victim is law enforcement officer killed in performance of duties); Tichnell v. State, 297 Md. 1, 468 A.2d 1 (1983), cert. denied, ___ U.S. ___, 104 S.Ct. 2374, 80 L.Ed.2d 846 (1984) (same).
There thus appears to be little question that "[t]here is a special interest in affording protection to ... public servants who regularly must risk their lives in order to guard the safety of other persons and property." Roberts v. Louisiana, 431 U.S. 633, 636, 97 S.Ct. 1993, 1995, 52 L.Ed.2d 637, 641 (1977). Since, as can be seen, the protection of police officers is a valid societal objective which justifies legislation making police officers a special class of crime victim, we see no reason why a court may not validly pronounce as a reason for departing from sentencing guidelines that a defendant who chooses to make a police officer acting in the line of duty the victim of his crime is to be treated differently than a defendant who commits the same crime upon an ordinary citizen. Cf. Smith v. State, 682 P.2d 1125 (Alaska Ct. App. 1984) (where statute specified as aggravating factor justifying non-presumptive sentence that the defendant knowingly directed the conduct constituting the offense at, among others, a law enforcement officer, sentence in excess of presumptive sentence upheld).
However, because we find that only one of the five reasons given by the trial court justifies a departure from the sentencing guidelines and because we are uncertain how much weight the trial court placed on the four impermissible reasons, we believe it appropriate to remand the case for resentencing. Compare Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984) (one out of five reasons for departure proper; case remanded for resentencing), with Brinson v. State, 463 So.2d 564 (Fla. 2d DCA 1985) (five out of seven reasons for departure proper; sentence affirmed); Marshall v. State, 468 So.2d 255 (Fla. 2d DCA 1985) (one out of three reasons for departure proper; sentence reversed on other grounds). As did the courts in Brinson v. State, 463 So.2d 564, and Young v. State, 455 So.2d 551, we certify to the Florida Supreme Court the following question of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY A DEPARTURE FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENCING?
Remanded for resentencing.
NOTES
[1] The primary offense was the attempted first-degree murder for which the defendant received 165 points. The defendant also received 14 points for the additional offenses at conviction and 21 points for severe victim injury. His total of 200 points placed him in the recommended twelve-to-seventeen-year range. See Fla.R. Crim.P. 3.988(a).