490 So.2d 1332 (1986)
Daniel VIERA, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-2354.
District Court of Appeal of Florida, Third District.
July 1, 1986.
Bennett H. Brummer, Public Defender, and May I. Cain, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Richard L. Kaplan, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
PER CURIAM.
This is an appeal from criminal convictions and sentences for armed robbery, attempted first-degree murder, and displaying a firearm during the commission of a felony entered on an adverse jury verdict. The defendant Daniel Viera raises four points on appeal attacking the judgments of conviction herein. He contends that the trial court erred in (1) allowing the state to reopen its case and recall a co-defendant as a witness; (2) denying his motion to suppress show-up identification testimony; (3) denying his motion for mistrial based on the prosecutor's final argument; and (4) admitting a certain photograph in evidence. Extended discussion of these points is unnecessary as none present any error, much less reversible error, given the overwhelming proof of guilt in this case. We, accordingly, reject each of the points as presenting no reversible error. See Blanco v. State, 452 So.2d 520, 524 (Fla. 1984), cert. denied, ___ U.S. ___, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985); Booker v. State, 397 So.2d 910, 914 (Fla.), cert. denied, 454 U.S. 957, 102 S.Ct. 493, 70 L.Ed.2d 261 (1981); Courtney v. State, 358 So.2d 1107, 1109 (Fla. 3d DCA), cert. denied, 365 So.2d 710 (Fla. 1978); Bretti v. State, 192 So.2d 6, 7 (Fla. 3d DCA 1966), cert. denied, 201 So.2d 459 (Fla. 1967), cert. denied, 390 U.S. 944, 88 S.Ct. 1023, 19 L.Ed.2d 1132 (1968); Kimmons v. State, 178 So.2d 608, 615 (Fla. 1st DCA 1965), cert. discharged, 190 So.2d 308 (Fla. 1966), cert. denied, 387 U.S. 934, 87 S.Ct. 2057, 18 L.Ed.2d 996 (1967); see generally Lee v. State, 456 So.2d 1211 (Fla. 3d DCA 1984).
The defendant Viera also attacks the sentences imposed on various grounds. We find no merit in any of these grounds, save one. We believe that the reasons given by the trial court for departing from the sentencing guidelines' recommended sentence are too cursory for us to determine whether these were valid reasons for the said departure in this case. We, accordingly, reverse the sentences under review and remand the cause to the trial court with directions to enter a more detailed order setting out the reasons for departing from the sentencing guidelines. Mortimer v. State, 490 So.2d 93 (Fla. 3d DCA 1986).
The final judgments under review are affirmed; the sentences under review are reversed and the cause is remanded to the trial court with directions to resentence the defendant, as before, and enter a written order setting out its reasons for so departing from the sentencing guidelines. The *1333 defendant Viera need not be present at the resentencing.
Affirmed in part; reversed in part and remanded.
HUBBART and JORGENSON, JJ., concur.
SCHWARTZ, Chief Judge (dissenting in part).
I disagree with the majority that the reasons assigned for deviation are so skimpy or otherwise defective in form that they cannot now be meaningfully reviewed. I am convinced, however, that they are insufficient on their merits to support a departure from the guidelines. See State v. Mischler, 488 So.2d 523 (Fla. 1986); State v. Cote, 487 So.2d 1039 (Fla. 1986). I would therefore reverse the sentence outright with directions to impose a new one within the guidelines.