494 So.2d 298 (1986)
Fernando OLIVERA, Appellant,
v.
STATE of Florida, Appellee.
No. BG-50.
District Court of Appeal of Florida, First District.
September 23, 1986.
*299 Michael E. Allen, Public Defender, and Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from a judgment, adjudicating appellant guilty of aggravated battery, and from a departure sentence in which appellant was sentenced to five years of imprisonment.
We reverse and remand for resentencing with further instructions that the judgment reflect that appellant pled guilty to, and was adjudicated guilty of, aggravated assault as opposed to aggravated battery. We reverse and remand for resentencing because appellant's scoresheet was incorrectly calculated and also because the reasons for departure were not clear and convincing and were not written.
Appellant, a Cuban immigrant who does not speak English, entered a plea of no contest to a charge of aggravated assault.
At the sentencing hearing, appellant challenged the accuracy of the presentence investigation report (PSI) regarding prior felony convictions and legal restraint.
The guidelines scoresheet is based on the PSI and reflects a score of 144 points, which equates to community control or 12 to 30 months of incarceration. Included were 11 points for two prior third-degree felony convictions, 36 points for legal restraint, and 24 points for victim injury. The trial judge departed from the guidelines and imposed a sentence of five years of imprisonment.
In this case, the trial court erred in assessing points for victim injury in calculating the guidelines score because victim injury is not a necessary element of aggravated assault. Whitfield v. State, 471 So.2d 633 (Fla. 1st DCA 1985). Victim injury may be a ground for departing from the guidelines.
Also in this case, the appellant challenged the accuracy of the PSI regarding prior convictions and legal restraint. Since the appellant disputed the truth of hearsay statements contained in the PSI which are material to the statutory findings which the trial court is required to make, it is incumbent upon the State to establish the *300 accuracy of the PSI by corroborating evidence. Failure to do so precludes the trial court from assessing the 11 points for the two prior third-degree felony convictions and 36 points for legal restraint. Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985).
Finally, the trial court erred in failing to provide written reasons for departure from the guidelines, and a transcript of oral statements made by the judge is insufficient to satisfy the written requirement. State v. Jackson, 478 So.2d 1054 (Fla. 1985). Additionally, the following are the reasons the trial judge gave for departure:
[1] It is going to be the judgment and sentence of this court that based upon the presentence investigation that the presentence investigation reveals that we have a defendant here who is from Cuba, that there is no work history whatsoever.
[2] That the record indicates that he committed a violent crime in the state of Michigan.
[3] That there is currently outstanding a violation of probation which indicates he's unable to live by the terms of probation.
[4] That he left the state of Michigan and came to the state of Florida.
[5] That he again committed a violent act against one of the citizens.
[6] That there are in this court's mind clear and convincing reasons for deviating from the sentencing guidelines.
[7] That he has demonstrated an inability to live in a free society and abide by its laws.
[8] That he continues to commit acts of violence.
[9] That he has not contributed financially to his welfare or anyone else.
[10] That he remains and poses a threat to the members of our society if he remains at large.
[11] That I feel that he is not able to be rehabilitated.
[12] And that an appropriate sentence of five years state prison is an appropriate sentence under these circumstances.
Eliminating the trial judge's reliance on the PSI regarding appellant's prior convictions and legal restraint also eliminates reasons two, three, four, five, seven, eight, and eleven as support for departure.
Reasons one and nine do not support departure because Rule 3.701(b)(1), Florida Rules of Criminal Procedure, expressly provides: "Sentencing should be neutral with respect to race, gender, and social and economic status." Finally, reasons six and twelve are merely conclusory statements, unrelated to any specifics in this case.
Accordingly, we remand for a new sentencing hearing with additional instructions that the judgment reflect that the appellant pled no contest and was adjudicated guilty of aggravated assault as opposed to aggravated battery.
BOOTH, C.J., and SHIVERS and WIGGINTON, JJ., concur.