516 So.2d 76 (1987)
Billy Joe BLANKENSHIP, Appellant,
v.
STATE of Florida, Appellee.
No. 87-352.
District Court of Appeal of Florida, Fifth District.
December 3, 1987.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Blankenship was convicted of murder in the second degree[1] and attempted first degree murder,[2] and was sentenced to twenty-two years and five years, to be served consecutively. Based on the guidelines, this twenty-seven year sentence was a departure upwards from the applicable sentence range of seventeen to twenty-two years. The trial court's reason for imposing the aggravated sentence was that Blankenship's attempted murder offense was committed for the sole purpose of eliminating *77 an eyewitness, Richard Kested, to the murder of Mary Smith. We affirm.
Florida law provides that a killing for the purpose of eliminating a witness may constitute a valid aggravating factor to justify imposition of the death penalty.[3] By analogy, such a circumstance may also be a valid basis to enhance a guideline sentence.[4]
In this case, the record shows Blankenship shot Smith first, as a result of an earlier confrontation and altercation in a tavern. He then turned to Kested and explained, "Dick, I haven't got anything against you, but I can't have no witnesses." Thereupon he shot Kested in the face.
The motive to eliminate a witness to a crime by shooting him is something above and beyond mere intent to kill, and as such, constitutes a valid basis for departure in an attempted murder case. Extraordinary circumstances clearly not inherent in the crime charged may be used to depart from a guidelines sentence.[5] Whether or not the shot is effective in killing the victim, the behavior of the defendant in both instances is more reprehensible than other homicides or attempts because of the utter ruthlessness and lack of justification implicit in killing to eliminate a witness.
AFFIRMED.
UPCHURCH, C.J., and DAUKSCH, J., concur.
NOTES
[1] § 782.04(2), Fla. Stat. (1985).
[2] § 777.04(4)(a), Fla. Stat. (1985).
[3] Section 921.14(5)(e), Florida Statutes (1985) states:

(e) The capital felony was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody.
See generally, Herring v. State, 446 So.2d 1049, 1057 (Fla. 1984); cert. denied, 469 U.S. 989, 105 S.Ct. 396, 83 L.Ed.2d 330 (1984).
[4] Steiner v. State, 469 So.2d 179 (Fla. 3rd DCA), review denied, 479 So.2d 118 (Fla. 1985); Baker v. State, 466 So.2d 1144 (Fla. 3rd DCA 1985), decision approved, 483 So.2d 423 (Fla. 1986).
[5] Casteel v. State, 498 So.2d 1249 (Fla. 1986) (psychological trauma arising from extraordinary circumstances not inherent in crime is valid reason for departure); see also, State v. Rousseau, 509 So.2d 281 (Fla. 1987).