DAUKSCH, Judge.
This is an appeal from a sentence. The trial court gave as a reason for departure that the murder appellant committed was done to eliminate a witness. This is a *110 valid reason for departure. See Blankenship v. State, 516 So.2d 76 (Fla. 5th DCA 1987). However, we do not have any record to review which substantiates that reason for departure. Thus we must remand for resentencing where either proof is given to substantiate the departure or a guideline sentence imposed. Armontrout v. State, 503 So.2d 984 (Fla. 5th DCA 1987).
We uphold the court’s reason for departure regarding the timing of the offenses, Williams v. State, 504 So.2d 392, 393 (Fla.1987), but are not convinced that the court would have departed for that reason only. Therefore, we remand for resentencing. See Albritton v. State, 476 So.2d 158 (Fla.1985).
The third reason for departure, the determination that certain previous convictions were not scorable, is invalid. Those convictions were scored. The sentence is vacated and this cause remanded for resen-tencing.
SENTENCE VACATED; REMANDED.
ORFINGER and COWART, JJ., concur.