532 So.2d 743 (1988)
Daniel VIERA, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-2532.
District Court of Appeal of Florida, Third District.
October 4, 1988.
Rehearing Denied November 23, 1988.
*744 Bennett H. Brummer, Public Defender, and May L. Cain, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Joni B. Braunstein, Asst. Atty. Gen., for appellee.
Before HUBBART, DANIEL S. PEARSON[*] and JORGENSON, JJ.
PER CURIAM.
Daniel Viera appeals his guidelines departure sentence of fifty years' incarceration. We affirm based upon a finding that two of the three reasons delineated by the trial court support the departure sentence.
Following a jury trial, Viera was convicted of attempted first-degree murder, attempted armed robbery, and unlawful display of a firearm during the commission of a felony. The trial court suspended entry of sentence on the latter two convictions. The presumptive guidelines sentence was seventeen to twenty-two years' incarceration. The trial court imposed a departure sentence of fifty years' incarceration, marking on the guidelines scoresheet three reasons for its departure: psychological impact on the victim, Viera's illegal presence in the United States subsequent to his deportation for prior crimes, and Viera's recent release from prison after serving time for commission of a violent crime.
This court affirmed Viera's convictions but reversed his sentence and remanded for resentencing. Viera v. State, 490 So.2d 1332 (Fla.3d DCA 1986). Finding the notations on the scoresheet too cursory for adequate review, this court directed the trial court "to enter a more detailed order setting out the reasons for departing from the sentencing guidelines." Id. On remand, the trial court complied with the directive and entered a written order. The trial court enumerated three reasons for again sentencing Viera to fifty years' incarceration: Viera's shooting of a police officer who was acting in the line of duty, the psychological harm to the victim, and Viera's status as an illegal alien who had been deported for criminal offenses on two previous occasions.
We disagree with Viera's contention that the trial court violated Shull v. Dugger, 515 So.2d 748 (Fla. 1987), by substituting different reasons for the sentence imposed on remand. Shull dictates that a trial court may not enunciate new reasons for a departure sentence after the reasons given for the original departure sentence have been reversed by an appellate court. However, Viera's situation is not controlled by Shull because this court never addressed the merits of the reasons given for the departure due to a lack of a written *745 sentencing order. This court's reversal was not founded on the insufficiency of the reasons for departure, but rather, was based upon the lack of a written order as required by Fla.R.Crim.P. 3.701(d)(11). Moreover, examination of the entire record demonstrates that at the time the first departure sentence was imposed, the trial court articulated the precise concerns later incorporated in its written order on remand, including Viera's prior criminal activity, his illegal entry into the United States, and the victim's status as a police officer.
Turning to the validity of the reasons articulated by the trial court for its departure on remand, we find that the first ground for departure is a proper one. The record reveals that the victim was a police officer who had pulled into the driveway of her home when she was accosted at gunpoint by Viera. Although she was not in uniform, the victim immediately produced her badge, apprised Viera of her occupation, and attempted to disarm him. Viera shot the officer in the head and fled after a second shot was fired in the struggle for Viera's firearm. We reject Viera's argument that because he did not know at the outset that his intended victim was a police officer, his departure sentence cannot stand. Viera knew before the shooting and struggle that the victim was a police officer. Under these circumstances, the fact that the victim was a police officer was a valid reason for departure. Garza v. State, 518 So.2d 978 (Fla. 2d DCA 1988); Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985), aff'd, 483 So.2d 423 (Fla. 1986). Baker establishes that a defendant "who chooses to make a police officer acting in the line of duty the victim of his crime is to be treated differently than a defendant who commits the same crime upon an ordinary citizen." 466 So.2d at 1146. The trial court's imposition of the departure sentence was not founded on Viera's ignorance of the victim's occupation when he first approached her, but rather, upon Viera's commission of the offense of attempted murder of a police officer. The first reason for departure was, therefore, proper.
The second reason for the departure sentence is invalid. Although the victim experienced psychological and emotional trauma which has severely affected her personal and professional life, such trauma constitutes a clear and convincing reason for departure only where "the victim's trauma results from extraordinary circumstances clearly not inherent in the crime charged or when the victim has a discernible physical manifestation resulting from the trauma... ." State v. Rousseau, 509 So.2d 281, 284 (Fla. 1987). See State v. Cote, 487 So.2d 1039 (Fla. 1986); Sarria v. State, 501 So.2d 737 (Fla.3d DCA 1987). We cannot conclude that the emotional trauma experienced by the victim in this case was not an inherent component of the crime of attempted first-degree murder during a robbery with a firearm. Neither does the record demonstrate that the victim has sustained a physical injury as a consequence of the emotional trauma. The second reason for the departure sentence was improper according to Rousseau.
The final reason, Viera's presence in the United States despite his prior deportations for violent crimes, was a valid basis for departure. The presentence investigation ordered by the trial court revealed that Viera had reentered the country illegally. Defense counsel objected to the presentence investigation as hearsay. While a defense objection to the truth of statements contained in a presentence investigation report ordinarily requires the state to produce corroborating evidence, Camp v. State, 501 So.2d 81 (Fla. 1st DCA 1987); Olivera v. State, 494 So.2d 298 (Fla. 1st DCA 1986); Morris v. State, 483 So.2d 525 (Fla.5th DCA 1986), the transcript of the sentencing proceeding reveals that Viera conceded to the trial court his illegal entry into the country. The trial court could properly consider Viera's illegal status in the country as a manifestation of his flagrant disregard for the laws of this country and a clear and convincing reason for departure. See United States v. Gomez, 797 F.2d 417 (7th Cir.1986) (sentencing court could properly take note of narcotics defendant's illegal alien status from Colombia); *746 Fry v. State, 497 So.2d 964 (Fla.1st DCA 1986) (defendant's contempt for judicial system valid reason for departure); Fuller v. State, 488 So.2d 594 (Fla.2d DCA 1986) (lack of regard for law valid reason for departure).
We conclude that the trial court would have imposed a departure sentence of fifty years' incarceration notwithstanding the invalid reason of emotional trauma to the victim. Scott v. State, 508 So.2d 335 (Fla. 1987); Albritton v. State, 476 So.2d 158 (Fla. 1985). Viera's argument that his convictions for both attempted armed robbery with a firearm and attempted felony murder constitute impermissible dual punishment is without merit. Anderson v. State, 530 So.2d 1104 (Fla. 3d DCA 1988). However, Viera correctly asserts error in his conviction and sentence for unlawful display of a firearm. Anderson; Perez v. State, 528 So.2d 129 (Fla. 3d DCA 1988). Accordingly, we reverse the conviction and sentence and remand with directions to strike same from the judgment. Our reversal does not affect the guidelines sentence nor the extent of the departure sentence twice imposed by the trial court.
The departure sentence is affirmed; the conviction and sentence for unlawful display of a firearm are reversed.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[*] Judge Pearson participated in the decision but did not hear oral argument.