COPE, Judge.
Walfrido Hernandez appeals his departure sentence for solicitation to commit premeditated murder. We affirm.
Defendant Hernandez was convicted of solicitation to commit premeditated murder by hiring someone to kill his wife. On appeal this court found a sentencing error and remanded for a new sentencing hearing. Hernandez v. State, 613 So.2d 924 (Fla. 3d DCA 1993).[1] At resentencing, the trial court imposed a 17-year departure sentence, and entered written reasons. Defendant has appealed, contending that the departure reasons are legally insufficient.
At resentencing the court found two reasons for departure. The first was:
The crime was committed for the pecuniary gain of the Defendant. The evidence at trial clearly showed that the Defendant’s motive for seeking the murder of his wife was to enrich himself. He was the beneficiary of several insurance policies on his wife’s life, the death benefits of which ran well into six figures. Had the Defendant’s wife been murdered pursuant to this solicitation, the Defendant would have been guilty of First Degree Murder. The fact that the murder would have been committed for pecuniary gain would have been an aggravating factor in determining if the death penalty should be imposed. See Section 921.141 (5) [f], Fla.Stat. (1991). *248 That fact should also be a basis for an upward departure from the guidelines for the crime of Solicitation to Commit First Degree Murder.
On the facts presented here, we agree with the trial court that the departure reason is a valid one. A very similar case is Blankenship v. State, 516 So.2d 76 (Fla. 5th DCA 1987). In that case the defendant had committed attempted murder “for the sole purpose of eliminating an eyewitness.... ” Id. at 76-77. The court noted that “killing for the purpose of eliminating a witness may constitute a valid aggravating factor to justify imposition of the death penalty.” Id. at 77 (footnote omitted). The court found that the motive to eliminate the witness was not inherent in the crime charged. Id. Furthermore, as the facts of that case indicate, the purpose of eliminating a witness was not otherwise accounted for in the guidelines scoresheet. See id. Accordingly, the court approved the departure sentence.
In Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985), approved, 483 So.2d 423 (Fla. 1986), this court considered an attempted first degree murder case. In addition to attempted first degree murder, the defendant was also convicted of theft, burglary, and other offenses. 466 So.2d at 1145. The trial court imposed a departure sentence. One of the departure reasons was that “[t]he act was committed for pecuniary gain.” Id. This court disapproved the “pecuniary gain” departure reason because the same facts which demonstrated “pecuniary gain” also were the facts supporting the conviction for burglary and theft. Id. Since the burglary and theft convictions had already been scored on the defendant’s guidelines score-sheet, the acts constituting “pecuniary gain” had already been taken into account for purposes of the sentencing guidelines. Id. Thus, this court reasoned that “pecuniary gain” could not be considered as a basis for a departure sentence under the circumstances there presented.
In the present case, the only offense at conviction was solicitation to commit premeditated murder. As the trial court stated, under the capital punishment statute, it is an aggravating circumstance weighing in favor of the death penalty if “[t]he capital felony was committed for pecuniary gain.” § 921.-141(5)(f), Fla.Stat. (1985).[2] This factor applies for capital sentencing purposes “only where the murder is an integral step in obtaining some sought-after specific gain.” Hardwick v. State, 521 So.2d 1071, 1076 (Fla.) (citations omitted), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988). Such conduct is deemed sufficiently reprehensible to justify its enumeration as a factor which lends support to imposition of the death penalty.
By a parity of reasoning, we conclude that pecuniary gain is a permissible departure reason in sentencing for solicitation to commit premeditated murder. Here, unlike the situation in Baker, the conduct relating to pecuniary gain is not already factored into the scoresheet. It is not an inherent element of the crime charged. See Blankenship v. State, 516 So.2d at 77. Further, the facts found by the trial court fit within the definition of pecuniary gain as that aggravating factor has been interpreted in Hardivick, i.e., the motive for the defendant’s solicitation of murder was to enrich himself by collecting on the wife’s life insurance policies. Under the capital sentencing statute, the pecuniary gain criterion is satisfied where there is a murder for the purpose of collecting life insurance proceeds. Zeigler v. State, 580 So.2d 127, 129 & n. 6 (Fla.), cert. denied, — U.S. -, 112 S.Ct. 390, 116 L.Ed.2d 340 (1991); Buenoano v. State, 527 So.2d 194, 199 (Fla.1988), vacated on other grounds, Buenoano v. Singletary, 963 F.2d 1433 (11th Cir.1992); Byrd v. State, 481 So.2d 468, 471, 474 (Fla.1985), cert. denied, 476 U.S. 1153, 106 S.Ct. 2261, 90 L.Ed.2d 705 (1986). The facts found in the present case fit within the interpretation of this aggravating factor for capital sentencing purposes, and do not involve some incidental pecuniary *249 benefit.[3] We approve the “committed for pecuniary gain” reason for sentence departure in the context of the solicitation to commit murder here presented.[4]
We next consider the second departure reason. The trial court stated:
The crime involved a breach of trust and the abuse of a family relationship. The Defendant took the men he had hired to kill his wife to where she worked. He entered her place of employment and struck up a conversation with her while the would-be killers watched from outside. By a prearranged signal, the Defendant identified his unsuspecting wife as the woman he wanted murdered. She, of course, did not know that at that time, she was being observed by the men her husband had hired to kill her. This was a serious breach of trust and abuse of a family relationship which warrants an upward departure from the sentencing guidelines....
This second departure reason does not survive Davis v. State, 517 So.2d 670, 673-75 (Fla.1987). We therefore disapprove the second departure reason on authority of Davis.
Under the principles applicable to an offense committed in 1986, “when reviewing a departure sentence based on both valid and invalid reasons for departure, an appellate court must remand the case for resentencing unless it believes, beyond a reasonable doubt, that the defendant would have received the same sentence, absent the invalid reasons.” State v. McGriff, 537 So.2d 107, 108 (Fla.1989); Albritton v. State, 476 So.2d 158 (Fla.1985). We are satisfied beyond any reasonable doubt that the trial court would have imposed this same sentence on this defendant, absent departure reason number two. Accordingly, we affirm the departure sentence.
Affirmed.

. Defendant’s crime was committed in 1986. Under the 1986 version of the sentencing guidelines, the only guidelines range was*the recommended range. By the time defendant was tried in 1991, the guidelines had been amended to add the permitted range, which increased the maximum nondeparture guidelines sentence. The Florida Rules of Criminal Procedure re Sentencing Guidelines (Rules 3.701 & 3.988), 522 So.2d 374 (Fla. 1988). At the defendant's sentencing the revised scoresheet was mistakenly used. The court imposed a sentence of 17 years, which was the maximum of the permitted range. In so doing, the trial court believed that it was imposing a permissible guidelines sentence and did not issue departure reasons. In reality, under substantive law the court could not use the 1988-created permitted range for an offense which occurred in 1986. Furlow v. State, 579 So.2d 910, 911 (Fla. 5th DCA 1991); see also Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). The trial court had inadvertently imposed a departure sentence without realizing that it had done so. Recognizing that the case fell within the ambit of State v. Betancourt, 552 So.2d 1107 (Fla.1989), this court "remanded to determine whether an upward departure from the guidelines is appropriate and, if so, to set forth valid reasons for the departure.” Hernandez v. State, 613 So.2d at 924.

. This language was in the capital punishment statute at the time of the defendant's crime and remains in the statute without change.

. As in Hardwick itself, the supreme court has disapproved the use of the pecuniary gain factor in capital sentencing where any expected "financial advantage ... was indirect and uncertain.” 521 So.2d at 1076; see also Thompson v. State, 553 So.2d 153, 156 (Fla.1989) (evidence of beatings inflicted upon victim in order to force him to divulge where money was located supports conclusion that murder was committed for pecuniary gain), cert. denied, 495 U.S. 940, 110 S.Ct. 2194, 109 L.Ed.2d 521 (1990); Simmons v. State, 419 So.2d 316, 318 (Fla.1982) (there must be "sufficient evidence to prove a pecuniary motivation for the murder itself....”); Peek v. State, 395 So.2d 492, 499 (Fla. 1980) (trial court erred in finding that capital felony was committed for pecuniary gain where record did not support the conclusion that victim was murdered to facilitate the theft), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981).

. We add the caveat that we have addressed the "pecuniary gain” aggravating factor solely in the context of the homicide-related crime which exists in the present case. We approve this departure reason because of the close nexus between first degree murder and solicitation to commit such a murder. The public policy considerations underlying the capital sentencing statute apply with considerable force to the closely related crime of solicitation to commit capital murder.
The present case does not address, and should not be cited as authority for, the use of a "pecu-niaiy gain” departure reason in a non-homicide context. We note that pecuniary gain is an inherent element of numerous crimes against person and property, as pointed out in Baker v. State, 466 So.2d at 1145.