469 So.2d 865 (1985)
Michael Anthony SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. AZ-400.
District Court of Appeal of Florida, First District.
May 14, 1985.
*866 Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Barbara Ann Butler, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Scott appeals the imposition of sentence outside the sentencing guidelines. We vacate the sentence imposed and remand for resentencing.
Scott contends on appeal that the trial court failed to provide clear and convincing reasons for its departure from the guidelines. (We consider this issue despite Scott's failure to contemporaneously object. See Mitchell v. State, 458 So.2d 10 (Fla. 1st DCA 1984).)
In a separate document entitled "Judicial Reasons for Deviating from Sentencing Guidelines," which was attached to the scoresheet, the court enumerated eight reasons for its departure: 1) Scott committed the offense with an accomplice, who handled the gun and threatened the victim; 2) he threatened the victim's children and instigated the crime by selecting the victim; 3) he pled guilty; 4) he attempted to escape following the crime; 5) he had the apparent ability to make good on his threats to the children; 6) he violated probation (in an unrelated case); 7) the guidelines recommendation of 9-12 years was insufficient for retribution, deterrence or rehabilitation and for the public safety; and 8) Scott's criminal history. We find that only three of these reasons meet the "clear and convincing" standard of the rules.
The fact that Scott had an accomplice who acted in a manner unpalatable to the trial court (1) and that he pled guilty (3) should have no effect on the sentence he receives. The information about Scott's alleged threats ((2) and (5)) was obtained from victim statements, which appeared in the PSI requested by the court prior to sentencing. At the sentencing hearing, Scott disputed the truth of this hearsay. As we stated in Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985):
Where a defendant disputes the truth of hearsay statements contained in presentence investigation reports, which would be material to the statutory findings which the trial court is required to make, the court must require the state to produce corroborating evidence.
Davis at 263. Because the court used the information to explain its departure, as required by Section 921.001(6), Florida Statutes (1983), it was error not to require corroboration of the victim's statements and we disregard the reasons ((2) and (5)) pertaining to them. Finally, it was error to cite violation of probation (6) to justify departure, since Scott had already been scored therefor. See Burch v. State, 462 So.2d 548, 549 (Fla. 1st DCA 1985).
However, in view of the reckless manner in which Scott attempted his escape after the crime (4), abandoning a stillmoving vehicle which ran amok before crashing, it was not error to use the escape to justify departure. See Garcia v. State, 454 So.2d 714, 718 n. 5 (Fla. 1st DCA 1984) (creating extreme risk to the safety of citizens during apprehension following crime is an acceptable reason).
We also approve reasons (7), Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984) and (8), Dickey v. State, 458 So.2d 1156 (Fla. 1st DCA 1984.)
Therefore, if the court's failure to state clear and convincing reasons was the only error stated by Scott, we would affirm the sentence.
However, Scott also alleges, and the State acknowledges, that he erroneously received an additional 25 points on the scoresheet for a nonexistent prior robbery conviction. Therefore, his actual score *867 should have been 135, not the 160 which was used in computing the recommended sentence. The correct score corresponds to a recommended range of 5 1/2-7 years incarceration, instead of the 7-9 years found below.
The scoring error was compounded by the State's suggestion that the court increase the sentence to the next "cell," based on a probation violation for which Scott was being sentenced at the same hearing. Rule 3.701(d)(14), Fla.R.Cr.P. This rule was not in effect at Scott's sentencing and it was therefore improperly used to "bump up" the recommended range to 9-12 years incarceration. See Barnes v. State, 461 So.2d 216 (Fla. 1st DCA 1984). The State suggests that, because of the amount of the departure, the error is harmless. However, the combination of errors herein made it appear that the maximum guidelines sentence available was 12 years, not the actual maximum of 7 years. We cannot say that the court would have imposed 25-year concurrent sentences had the correct information been before it.
Therefore, the sentence is vacated and the case remanded for resentencing in accordance with this opinion.
JOANOS, J., and PEARSON, TILLMAN (Ret.), Associate Judge, concur.