473 So.2d 782 (1985)
Michael CARNEGIE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2020.
District Court of Appeal of Florida, Second District.
August 7, 1985.
*783 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Michael Carnegie, appeals from the judgments and sentences entered against him on charges of battery and burglary of a dwelling. We affirm in part and reverse in part.
Appellant has raised several points on appeal, but we find merit only in his contention that the trial court erred in departing from the sentencing guidelines on the charge of burglary of a dwelling.
When sentencing appellant on the burglary charge, the court departed from the guideline recommended range of twelve to thirty months imprisonment and sentenced appellant to serve fifteen years in prison. The court did not give any reasons for its departure, but directed the state to prepare and submit written reasons for departure. The court stated that these reasons, when submitted, would be incorporated into the final judgment and sentence. The scoresheet used by the court in sentencing does not set forth any reasons for departure, but a sheet attached to the scoresheet is entitled "Submitted Reasons For Guideline Departure." Apparently, this document was submitted by the state in compliance with the court's order. It is the only statement of reasons for departure in the record.
We find that the trial court improperly delegated to the state attorney's office a responsibility which belongs exclusively to the court. See McClure v. State, 371 So.2d 196 (Fla.2d DCA 1979). Although oral reasons for departure, subsequently transcribed and made part of the record, are sufficient to meet the requirements of Florida Rule of Criminal Procedure 3.701(d)(11), see Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984), the court in this case did not articulate any reasons for departure. A mere statement by the trial court that it intends to incorporate into the judgment and sentence written reasons for departure to be submitted by the state at a later date, falls far short of meeting the requirements set forth in section 921.001(6), Florida Statutes (1983), and Florida Rule of Criminal Procedure 3.701(d)(11).
We, accordingly, reverse and remand for resentencing on the charge of burglary of a dwelling. We affirm the judgments in connection with both of the charges together with the sentence imposed on the battery charge.
Reversed and remanded for resentencing.
RYDER, C.J., and SCHOONOVER and LEHAN, JJ., concur.