THOMPSON, Judge.
Pommier appeals his sentence which exceeded the sentence recommended by the sentencing guidelines. Fla.R.Crim.P. 3.701. We reverse and remand for resen-tencing.
Pommier and a companion entered a liquor store and, after waiting for other customers to leave, engaged the clerk in a conversation about different types of beer. On the pretext of having the clerk obtain some particular brand of beer for them they lured the clerk to the rear of the store where the main beer cooler was located. As the clerk approached the cooler the companion, who was following behind the clerk, shot him in the back of the head causing very serious injury. Pommier was not armed.
After the shooting both Pommier and his companion looted the store’s cash registers and made their getaway. No demand for money was made nor was there any indication given that they planned the robbery prior to the shooting.
After they were apprehended several hours later, Pommier gave a full confession and cooperated with the police with respect to helping them locate the stolen money, the gun and other evidence. The co-defendant was uncooperative and did not admit guilt until the time he entered his negotiated plea. Pommier was initially charged as a principal to attempted first degree murder and robbery with a firearm. The judgment reveals he was subsequently permitted to plead nolo contendere to one count of being a principal to robbery carrying a weapon. § 812.13(2)(b) Fla.Stat. (1983). Pommier received 82 points for his primary offense and no points for multiple counts, prior record, or for being under legal constraint. There is no question but that the victim’s injury was severe and appellant was properly assessed 21 points for victim injury. Eighty-two points is the proper number of points for robbery carrying a firearm or dangerous weapon. § 812.13(2)(a) Fla.Stat.; Fla.R.Crim.P. 3.988(c). The proper number of points for robbery carrying a weapon, however, is 70 points which, with 21 points added for victim injury, results in a total of 91 points and a recommended sentence of Zk to 4V2 years in state prison. The probation officer recommended that Pommier be sentenced within the guidelines.
At the sentencing hearing for Pommier and his co-defendant, the parties agreed that Pommier’s hearing should be conducted first since it was anticipated the presentation of his case would take one hour or less while counsel for the co-defendant asserted that the presentation of his case would require four to five hours. After the hearing on Pommier’s sentence, the judge announced his intention to depart from the guidelines, giving his grounds for departure orally and stating that he would later prepare a written order detailing his reasons for departing. The judge then sentenced appellant to 25 years in state prison and to a consecutive five-year term of probation. The appellant and his counsel apparently left the hearing after the pronouncement of appellant’s sentence and were not present during the remainder of the hearing when the co-defendant was sentenced.
The trial judge thereafter prepared a single written statement of reasons for departing from the guidelines which he used as justification for exceeding the guideline range in sentencing both defendants. It is obvious from a review of the written reasons contained in the order that not all of the reasons the trial judge gave for departure applied equally to the appellant and the co-defendant. Some of the reasons given apply particularly to the co-defendant and not to Pommier.
We are unable to determine from the order whether the trial judge has given sufficient clear and convincing reasons for exceeding the guideline range in sentencing the appellant. See Albritton v. State, 476 So.2d 158 (Fla.1985). The punishment should fit both the crime and the criminal, *286 and the fact that a defendant has an accomplice who acted in a manner repugnant to the trial judge should have no effect on the sentence that defendant receives. Scott v. State, 469 So.2d 865 (Fla. 1st DCA 1985).
The trial judge shall resentence Pommier and if he exceeds the recommended guideline range, he shall state in writing his reasons for doing so which are applicable to this appellant only.
REVERSED and REMANDED for re-sentencing.
WIGGINTON, J., concurs.
NIMMONS, J., specially concurs.