NIMMONS, Judge,
specially concurs.
I concur in the court’s reversal of the sentence and remand for resentencing, and I concur in the court’s opinion. However, I believe that the broad statement in the opinion that
“[The] fact that a defendant has an accomplice who acted in a manner repugnant to the trial judge should have no effect on the sentence that defendant receives ...”
is overly broad and misleading.
In Florida, there is no distinction, as there was at common law, between principal in the first degree, principal in the second degree, and accessory before the fact. See Prather v. State, 182 So.2d 273 (Fla. 2nd DCA 1966); Section 777.011, Florida Statutes (1983); 14 Fla.Jur.2nd, Criminal Law, § 46. Any person who aids, abets, counsels, hires, or otherwise procures an offense to be committed is a principal in the first degree and may be charged, convicted and punished as such, regardless of whether he is present at the actual commission of the offense. Id. Certainly, if Pommier had aided or abetted the attempted murder of the liquor store clerk, he would be just as guilty of the attempted murder and subject to the same punishment as his accomplice who actually perpetrated the offense. To the extent that: (1) the above quoted portion of the court’s opinion; and (2) Scott v. State, 469 So.2d 865 (Fla. 1st DCA 1985), (cited as authority for such quoted portion); may be read to stand for a contrary view, I would disagree.
However, in the instant case, Pommier was not convicted of anything but robbery with the use of a weapon (other than a firearm or other deadly weapon). I therefore agree to the reversal of the sentence and remand for resentencing.