485 So.2d 5 (1986)
Bobby Lamar REASE, Appellant,
v.
STATE of Florida, Appellee.
No. BF-11.
District Court of Appeal of Florida, First District.
February 18, 1986.
Rehearing Denied March 13, 1986.
Michael E. Allen, Public Defender, and Larry G. Bryant, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Rease appeals his 10-year sentence for possession of a firearm by a convicted felon, contending that the trial judge failed to give clear and convincing reasons for his decision to depart from the recommended guidelines sentencing range of community control or 12 to 30 months incarceration. We reverse and remand for resentencing.
Among the reasons given by the trial judge for imposing a sentence exceeding that recommended by the guidelines were that the shotgun found in appellant's possession had been stolen, and that appellant had attempted to escape while being transported to the sentencing hearing. Although there was evidence tending to support the finding that the shotgun had been stolen, it appears that at the time of sentencing the appellant had not been convicted of the theft or of any related crime. Similarly, while there was evidence to support the finding that appellant had attempted to escape, no conviction for the crime of attempting to escape had been obtained. Thus the trial judge's consideration of the fact that the shotgun had been stolen, and of the fact that appellant attempted to escape, was improper. Rule 3.701(d)(11), Fla. R.Crim.P. Because we are not persuaded beyond a reasonable doubt that the sentence would have been the same had the trial judge not relied on these invalid reasons for departure, we reverse and remand *6 for resentencing. Albritton v. State, 476 So.2d 158 (Fla. 1985).
ZEHMER and BARFIELD, JJ., concur.

ON MOTION FOR REHEARING
THOMPSON, Judge.
In its motion for rehearing, the state suggests that our holding in our original opinion is "diametrically opposed" to the holding in Scott v. State, 469 So.2d 865 (Fla. 1st DCA 1985), in that Scott "clearly holds that an attempted escape is a valid reason to use in justifying a departure from the guidelines." This suggestion is patently wrong, as is the state's implicit suggestion that this court overlooked or misapprehended the meaning of the Scott opinion.
We carefully considered Scott before reaching our decision in this case. Scott does not hold (either clearly or otherwise) that the mere fact that a defendant has escaped or attempted to escape is a permissible reason for departing from the sentencing guidelines. The pertinent language in Scott reads as follows:
[I]n view of the reckless manner in which Scott attempted his escape after the crime ..., abandoning a still-moving vehicle which ran amok before crashing, it was not error to use the escape to justify departure. See Garcia v. State, 454 So.2d 714, 718 n. 5 (Fla. 1st DCA 1984) (creating extreme risk to the safety of citizens during apprehension following crime is an acceptable reason).
Id. at 866.
In our view, the above quoted statement can only be interpreted as holding that it was the reckless manner in which Scott attempted to escape, creating grave risk to innocent citizens, which justified consideration of the escape attempt as a basis for imposition of a sentence exceeding that recommended by the sentencing guidelines. There is nothing in the record in this case which indicates that Rease's escape attempt involved any risk to innocent citizens. As noted in our original opinion, escaping or attempting to escape from lawful custody is a crime. Fla.R.Crim.P. 3.701(d) expressly provides that a deviation from a recommended guidelines sentence may not be based on factors relating to offenses for which convictions have not been obtained.
The motion for rehearing is DENIED.
ZEHMER and BARFIELD, JJ., concur.