GLICKSTEIN, Judge.
We affirm appellant’s conviction but reverse the sentence and remand for resen-tencing.
Appellant first argues that the trial court erred in delegating the formulation of the reasons for departure to the state. Prior to the sentencing hearing the state submitted a motion to aggravate which contained the following reasons:
[1] The Defendant masterminded the Robbery and committed it in a professional manner.
[2] A Police Officer was a victim of the Aggravated Assault.
[3] The Robbery victim was wrestled to the ground and threatened with a gun.
[4] The Defendant drove the get away car during a high-speed chase from which there was a shoot-out.
[5] There was an utter disregard for human life.
At the hearing the prosecutor stated the following:
MR. LOWENTHAL: Your Honor, the State has furnished the Court with a reason why aggravation is called for.
I think it’s necessary to reiterate that. We do have case law substantiating those reasons.
Generally, and specifically, we ask the State aggravate fifteen years, Judge.
The co-defendant received fourteen years. This defendant is as culpable, if not more so, as if he planned the robbery, and that was the testimony of the witness, the co-defendant, Mr. Puerto.
There is no doubt that Mr. Roberts was driving the car. His total disregard for the safety of anybody, police officers, civilians, this was a neighborhood with many kids.
To safeguard society, we ask for fifteen years.
The probation officer recommended departure from the guidelines because she felt the car was used as a weapon and numerous people could have been killed. The only comments made by the court regarding reasons were:
THE COURT: Well, you see, Mr. Roberts [appellant’s brother], you didn’t hear what I heard. You weren’t there, nor was Mrs. Moore.
He drove the car and he agreed with what’s been said.
It’s miraculous that somebody wasn’t killed. They were going fifty, sixty, *340 eighty miles an hour through residential areas.
He went through red lights, stop signs. Granted he didn’t have the gun. The other guy had the gun.
[[Image here]]
You might have heard me say earlier that Mr. Tedesco is an advocate; a fine lawyer. Mr. Lowenthal is an advocate. He has a position. The person with the least axe to grind in this courtroom is the probation officer.
She’s not a prosecutor or defense attorney and she has told me, based on her conversations and investigation that she feels a certain amount of aggravation is required.
I would ask the State to supply me with these findings, with the reasons that I’m aggravating in this ease and lot be submitted and I’ll follow the probation officer’s recommendation. [Emphasis added.]
On the space on the scoresheet for reasons for departure the trial court judge wrote “Motion for Aggravation Granted.” The state later submitted an order for aggravation of sentence, which the judge signed. This order contained the identical reasons listed on the motion for aggravation.
In Carnegie v. State, 473 So.2d 782 (Fla. 2d DCA 1985), the court did not give any reasons for departure, but asked that the state submit reasons, which would be incorporated into the final judgment and sentence. In finding this was impermissible the court stated:
We find that the trial court improperly delegated to the state attorney’s office a responsibility which belongs exclusively to the court. See McClure v. State, 371 So.2d 196 (Fla. 2d DCA 1979).... A mere statement by the trial court that it intends to incorporate into the judgment and sentence written reasons for departure to be submitted by the state at a later date, falls far short of meeting the requirements set forth in section 921.-001(6), Florida Statutes (1983), and Florida Rule of Criminal Procedure 3.701(d)(ll).
In Wilson v. State, 485 So.2d 42 (Fla. 5th DCA 1986), the following transpired:
At sentencing the trial judge stated that he was following the state’s recommendations for departure. On the score-sheet under “Reasons for Departure,” the trial judge merely indicated that the state was to provide an addendum to the scoresheet setting forth reasons for aggravation. This is not sufficient. The trial court cannot delegate its responsibility of formulating reasons for departure to the state. Carnegie v. State 473 So.2d 782 (Fla. 2d DCA 1985).
As stated previously, the only reason given by the probation officer for departure was the use of the car as a weapon. This was also the only reason discussed by the trial court, yet the reasons adopted were identical to the motion originally submitted by the state.
Exactly what the trial court requested is ambiguous. Either the state did not adhere to his request for the probation officer’s findings (simply that the car was used as a weapon, endangering bystanders) or the trial court delegated the responsibility to the state. In addition to being contrary to the Florida Rules of Criminal Procedure, using this procedure makes it difficult for an appellant to argue the merits of the reasons given, at the trial level.
Moreover, some of the reasons given for departure are not permissible. The first reason given was:
[1] The Defendant masterminded the Robbery and committed it in a professional manner.
While there was some evidence (Puerto’s prior statements) that appellant planned the robbery, it was not uncontra-dicted; and appellant did not admit to the planning of the robbery. The jury made no finding as to who planned the robbery. The reasons for departure must be credible and proven beyond a reasonable doubt. State v. Mischler, 488 So.2d 523, 525 (Fla.1986).
*341 The second reason given for departure was:
[2] A Police Officer was a victim of the Aggravated Assault.
Appellant concedes that this was a proper reason for departure. State v. Baker, 483 So.2d 423 (Fla.1986).
The third reason given was:
[3] The Robbery victim was wrestled to the ground and threatened with a gun.
Initially, it is not clear whether the actions of Mr. Puerto could be imputed to appellant. In Scott v. State, 469 So.2d 865 (Fla. 1st DCA 1985), in deviating from the guidelines the trial court gave the following reason: “Scott committed the offense with an accomplice, who handled the gun and threatened the victim.” In finding the reason invalid the court stated:
The fact that Scott had an accomplice who acted in a manner unpalatable to the trial court (1) and that he pled guilty (3) should have no effect on the sentence he receives.
In Pommier v. State, 476 So.2d 284 (Fla. 1st DCA 1985), the court appeared to agree with Scott, however, see the special concurrence of Judge Nimmons.
Even if the actions of Puerto were imputed to appellant they are inherent elements of the crime and would not justify departure. The record indicates that Puer-to came up behind Russo and yelled for the bag. Puerto grabbed Russo, but he held onto the bag and they “struggled down onto the ground.” Russo was just getting on top of Puerto when he put a gun in Russo’s stomach. Russo then released the bag and Puerto jumped up and ran away. The altercation was short in duration and Russo stated he was not injured. Section 812.13 under which appellant was charged defines “robbery” as:
812.13 Robbery.—
(1) “Robbery” means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.
The circumstances described in reason number three are elements of the crime of armed robbery. See Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA 1985) (where robbery victim suffered only slight injury and did not suffer “extraordinary mental or physical distress after being bound and gagged, departure improper because “some degree of force or the placing of the victim in fear is itself an element of robbery.” Id. at 280. Cf. Davis v. State (physical distress and emotional trauma to victim proper basis for departure where “[t]he facts show something more than a simple robbery. The young male defendant chose a relatively helpless female to terrorize, kidnap and promise to kill while holding a gun at her head rendering her ‘madly hysterical.’ ”).
The fourth and fifth reasons given for departure were:
[4] The Defendant drove the get away car during a high-speed chase from which there was a shoot-out.
[5] There was an utter disregard for human life.
These two reasons taken together would constitute a valid reason for departure. Appellant concedes that reason number five is a valid reason as applied to his driving. The trial court commented on the reckless disregard for human life that appellant exhibited while operating the vehicle. See Scott v. State, 469 So.2d 865, 866 (Fla. 1st DCA 1985) (abandoning still moving car which ran amok before crashing, valid reason); Garcia v. State, 454 So.2d 714, 718 n. 5 (Fla. 1st DCA 1984) (creating extreme risk to safety of citizens during apprehension following crime acceptable reason for departure).
While it is arguable that the departure can be affirmed because it is clear *342 beyond a reasonable doubt that the trial court would depart for the valid reasons given as he only discussed appellant’s reckless operation of the automobile and endangering innocent bystanders, given the am-biguousness of its request, which resulted in either an improper delegation or was not followed, we reverse for resentencing.
DOWNEY and WALDEN, JJ., concur.