WIGGINTON, Judge.
Appellant appeals the trial court’s order, entered upon remand by this Court, reimposing a departure sentence. We again reverse and remand for resentencing.
After appellant’s conviction of possession of a firearm by a convicted felon, the trial judge departed from the recommended guidelines sentencing range of community control or twelve to thirty months’ incarceration and sentenced appellant to ten years in prison. In Rease v. State, 485 So.2d 5 (Fla. 1st DCA 1986), this Court found that some of the reasons given for departure were invalid and reversed and remanded for resentencing. Upon remand, the trial judge issued a second departure order stating:
The court has thoroughly restudied the file in this case and is absolutely convinced from previous dealings with this defendant and knowledge of this defendant since he was a juvenile, that the guidelines sentence was completely inappropriate. Defendant, on a previous incarceration, has already served longer than would be allowed under the sentencing guidelines. Further, the defendant was still on community control at the time of the commission of this offense. For these reasons, the court reimposes the sentence heretofore imposed on this defendant on February 1, 1985.
Appellant’s status on community control had already been factored into the scoresheet and was an improper reason for departure. Fain v. State, 488 So.2d 169 (Fla. 1st DCA 1986); Hendrix v. State, 475 So.2d 1218 (Fla.1985). As to the remaining reasons, the fact that appellant had already served a sentence longer than the guidelines recommendation on a previous incarceration has not been shown by the record to have any relevance to the instant situation and therefore was also an improper ground for departure. Further, the judge’s mere statement of his “knowledge of this defendant since he was a juvenile” provides no insight with any basis in the record that would provide a valid ground for departure.
Therefore, finding no valid reasons for departure in the court’s order, we REVERSE and REMAND for resentencing within the guidelines.
WENTWORTH and NIMMONS, JJ., concur.