PER CURIAM.
Porfirio Cruz appeals his convictions and sentence for sexual battery and stalking (misdemeanor). We are unpersuaded by the arguments directed to the convictions, and therefore affirm. We reverse and remand, however, as to the trial court’s departure from the guidelines in sentencing appellant.
The victim of appellant’s offense was his estranged wife. The parties’ two-year-old son was in the residence at the time the rape occurred, but there is no evidence he was in the same room when the actual offense, took place. The trial court gave two reasons for departing from the sentencing guidelines: (1) because the victim was physically attacked by the defendant in the presence of a member of the victim’s family; and (2) the victim suffered severe psychological injury not scoreable on a guideline scoresheet. Cruz *366 contends that these are both invalid reasons for departing from the sentencing guidelines.
Cruz argues that the first reason for departing from the sentencing guidelines was erroneous because when the actual sexual battery occurred, the victim’s son was in another room of the house. He suggests that this is in contrast to Casteel v. State, 498 So.2d 1249, 1253 (Fla.1986), in which the supreme court approved a departure where the son of the victim and defendant actually •witnessed the attack. Cruz also contends that the second reason is inadequate because any psychological trauma to the victim was not identified as attributable to the instant offense. See Audano v. State, 641 So.2d 1356, 1361 (Fla. 2d DCA 1994) (psychic trauma did not support departure where psychologist’s report stated that it cannot be known to what extent the victim’s problems were attributable to the charged offense).
Our difficulty is that the trial court’s reasons for the departure sentence were not stated with sufficient specificity for us to determine whether the facts elicited support these reasons, and in what respect. See Viera v. State, 490 So.2d 1332 (Fla. 3d DCA 1986) (more detailed written order setting out reasons for departure sentence was required where reasons given were too cursory for appellate determination as to whether they were valid reasons for departure); Pommier v. State, 476 So.2d 284 (Fla. 1st DCA 1985) (trial judge’s single written statement of reasons for departing from sentencing guidelines which he used as justification for exceeding guideline range in sentencing two codefendants was insufficient to indicate whether clear and convincing reasons were given for exceeding guideline range in sentencing one of the defendants).
For example, was the first reason based on the child simply being in the residence, even if he did not witness the attack, or did the judge believe the child actually saw the rape, as in Casteel? Similarly, as to the second reason, was there some evidence the court was referring to as to psychological injury that would warrant a departure sentence? For these reasons, we reverse and remand for the trial court to state its reasons for departure with greater specificity, or if it cannot, to resentence Cruz within the guidelines.
WARNER, POLEN and PARIENTE, JJ., concur.