DELL, Judge.
Edward Adams contends that the trial court incorrectly sentenced him after he pled no contest to aggravated battery. He asserts that the trial court erred when it departed from the sentencing guidelines based on reasons already included in the score sheet and when it utilized an inaccurate score sheet for sentencing.
After a pre-sentence investigation, the victim’s injury was scored as “moderate.” The prosecution and the Department of Corrections recommended a guidelines sentence of 40.5 months incarceration. The trial court departed and imposed a ten-year sentence followed by five years of probation, and stated:
[T]he complainant suffered the following injuries: a fractured left wrist; a fractured ring finger; a fractured nose; a fracture to bones in her face, the upper and lower orbital bones; and that surgery was necessary to repair a fractured cheek_ Additionally, a metal plate was inserted in her face to compensate for injuries, and the victim suffered permanent nerve damage- These are obviously serious, permanent injuries that she suffered.
Appellant argues, as he did in the trial court, that the court erred in departing from the recommended guidelines sentence based on the victim’s extraordinary physical or emotional trauma because it was already calculated in the score sheet. However, section 921.001(7), Florida Statutes (1993), expressly provides:
A sentence may be imposed outside the guidelines based on credible facts, which may include an oral or written statement submitted by the victim or next of kin pursuant to § 921.143, proven by preponderance of the evidence, which demonstrate that the victim suffered excessive physical or emotional trauma at the hands of the defendant; and such departure is not barred because victim injury has been utilized in the calculation of the guidelines sentence.
§ 921.001(7), Fla. Stat. (emphasis added). This section supersedes conflicting case law prior to January 1, 1994, pursuant to rule 3.702(b), 3.703(b), Fla. R.Crim. P.[1] We hold that the trial court did not err when it departed from the recommended guidelines sentence based on the victim’s extraordinary physical or emotional trauma, pursuant to sections 921.0016(3)(Z) and 921.001(7), Florida Statutes.
*1352 ' Appellant also contends that the trial court did not utilize an accurately prepared scoresheet because the victim’s injury was only scored as moderate. The record supports the trial court’s evaluation of the extent of the victim’s injuries and the departure based on section 921.001(7), Florida Statutes. Accordingly, we deem the error in the score-sheet harmless, and. we affirm the departure sentence imposed by the trial court.
AFFIRMED.
GLICKSTEIN and WARNER, JJ., concur.

. Appellant does not discuss the effect of section 921.001(7), Florida Statutes, in his main brief and does not respond to the State's reliance on it in his reply brief.