PER CURIAM.
We affirmed Cruz’s judgment in Cruz v. State, 677 So.2d 365 (Fla. 4th DCA 1996), but reversed his upward departure sentence because-the trial court’s stated reasons for departure were not sufficiently specific for this court to determine whether those reasons were supported by the record. On remand, the trial court entered a detailed order again sentencing Cruz to an upward departure sentence of 180 months. We affirm.
Even if we were unable to determine from the record whether Cruz used his child as a weapon to force his ex-wife to do his bidding, the trial court’s second stated reason for departure is valid. A departure sentence shall be upheld when at least one of the court’s stated reasons justifies the departure. § 921.001(6), Fla. Stat. (1997). The record contains ample evidence that Cruz’s ex-wife suffered extraordinary emotional trauma as a result of this incident. Adams v. State, 702 So.2d 1350 (Fla. 4th DCA 1997); Johnson v. State, 695 So.2d 787 (Fla. 1st DCA 1997); § 921.001(7), Fla. Stat. (1997).
AFFIRMED.
WARNER, C.J., POLEN and GROSS, JJ., concur.