483 So.2d 423 (1986)
STATE of Florida, Petitioner, Cross-Respondent,
v.
Terence A. BAKER, Respondent, Cross-Petitioner.
No. 66963.
Supreme Court of Florida.
February 6, 1986.
Jim Smith, Atty. Gen. and Jacki B. Geartner, Asst. Atty. Gen., Miami, for petitioner, cross-respondent.
*424 Harold Mendelow, Sp. Asst. Public Defender, North Miami Beach, for respondent, cross-petitioner.
EHRLICH, Justice.
This case is before us for review of the same question certified in, inter alia, Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984):
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY A DEPARTURE FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENCING?
Baker v. State, 466 So.2d 1144, 1146 (Fla. 3d DCA 1985). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The district court below disallowed four of five reasons for upward departure from the sentence recommended under the sentencing guidelines on a plea of guilty by Baker to seven charges arising from a paint store burglary. Baker struggled with a police officer attempting to arrest him and shot, but did not kill, the officer with the officer's weapon. The one reason for departure found valid by the district court was the fact that the victim was a uniformed police officer.
As we found in State v. Young, 476 So.2d 161 (Fla. 1985), "the district court here was unable to determine beyond a reasonable doubt that the impermissible reasons [for departure] did not affect the departure sentence." Id. at 162. Under these circumstances, Albritton v. State, 476 So.2d 158 (Fla. 1985) controls, and the district court here properly remanded the case for resentencing.
Baker challenges the holding that shooting a uniformed police officer is a valid reason for departure. We agree with the district court that
"[t]here is a special interest in affording protection to ... public servants who regularly must risk their lives in order to guard the safety of other persons and property." Roberts v. Louisiana, 431 U.S. 633, 636 [97 S.Ct. 1993, 1995, 52 L.Ed.2d 637] (1977). Since, as can be seen, the protection of police officers is a valid societal objective which justifies legislation making police officers a special class of crime victims, we see no reason why a court may not validly pronounce as a reason for departing from sentencing guidelines that a defendant who chooses to make a police officer acting in the line of duty the victim of his crime is to be treated differently than a defendant who commits the same crime upon an ordinary citizen.
Baker, 466 So.2d at 1146.
Accordingly, the decision of the district court is approved.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, SHAW and BARKETT, JJ., concur.