492 So.2d 1171 (1986)
Eddie Louis WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1920.
District Court of Appeal of Florida, Fifth District.
August 14, 1986.
James B. Gibson, Public Defender, Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Williams appeals his sentence after pleading nolo contendere to two counts of *1172 aggravated battery.[1] The trial court exceeded the presumptive sentence range of the guidelines[2] by two cells. It sentenced Williams to nine years incarceration on Count I, together with a consecutive sentence of fifteen years probation on Count II. We affirm.
The reasons the court gave for its decision to aggravate the sentence were:
1. The victim in this case, Lawrence Conniff, was at the time of the offense a Deputy Sheriff, was on duty, was in uniform, and the attack on him was unprovoked.
2. Deputy Conniff suffered severe and lasting physical and emotional injuries as a result of this attack on him, and these have resulted in severe financial burdens for medical care and treatment.
3. The defendant has a long criminal record for offenses of battery and those involving threats of and personal injury to victims. This history of law violations dates back to 1976.
4. The defendant has demonstrated an apparent total lack of insite [sic] into and responsibility for his violent propensities.
We think the first three reasons are clear and convincing grounds upon which to impose a departure sentence under the guidelines. Appellant concedes the first reason is appropriate. State v. Baker, 483 So.2d 423 (Fla. 1986). Regarding the second reason, the emotional trauma and psychological damage done to a victim may be a valid reason to enhance a sentence.[3] Further, the record sustains the trial court's finding that the victim's physical injuries in this case were excessive and grave, beyond that required to sustain a conviction for aggravated battery. See Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984), aff'd, 477 So.2d 565 (Fla. 1985).
The third reason given by the court is also valid in view of William's extensive history of battery and offenses involving threats and personal injury to victims dating back to 1976. Williams has an extensive juvenile record,[4] and he was sentenced as a youthful offender for a crime involving the use of a deadly weapon. Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984), aff'd, 469 So.2d 128 (Fla. 1985); Riddle v. State, 488 So.2d 903 (Fla. 5th DCA 1986); Nixon v. State, 494 So.2d 222 (Fla. 1st DCA 1986).
Although the fourth reason is insufficient standing alone and apart from the others, we think it is clear in this case that it can be ignored as redundant. It is obviously the trial judge's conclusion based on the three prior valid reasons.
We think the transcript in this case reveals beyond a reasonable doubt[5] that the trial judge would have departed from the guideline sentence in this case because of the first reason, alone. At sentencing, he stated:
Well, perhaps I wouldn't have aggravated or considered aggravating you two cells had it not been a law enforcement officer that was your victim. But I feel that our law enforcement officers deserve every right to conduct their missions with safety and without being the victims of this type of attack on them.
There is no dispute by Williams but that the first reason was a valid reason to enhance. Therefore, we hold the sentence should be
AFFIRMED.
COBB, J., concurs.
DAUKSCH, J., dissents with opinion.
*1173 DAUKSCH, Judge, dissenting:
I respectfully dissent.
The trial judge listed four reasons for sentencing appellant to prison for a term greater than that recommended by the sentencing guidelines.
1. The victim in this case, Lawrence Conniff, was at the time of the offense a Deputy Sheriff, was on duty, was in uniform, and the attack on him was unprovoked.
2. Deputy Conniff suffered severe and lasting physical and emotional injuries as a result of this attack on him, and these have resulted in severe financial burdens for medical care and treatment.
3. The defendant has a long criminal record for offenses of battery and those involving threats of and personal injury to victims. This history of law violations dates back to 1976.
4. The defendant has demonstrated an apparent total lack of insite [sic] into and responsibility for his violent propensities.
In my opinion, two of the four reasons for the departure sentence are invalid, according to Hendrix v. State, 475 So.2d 1218 (Fla. 1985), and one of them is invalid because it is vague and so nebulous as to defy definition. I agree that reason one, that the victim is a deputy sheriff, in within the State v. Baker, 483 So.2d 423 (Fla. 1986) class allowing departure.
Reason two is already scored under victim injury and reason three is already scored in the guidelines numerical scoresheet. They cannot be scored again. Hendrix. Had the trial judge said he was using some unscored juvenile adjudications, then perhaps number three would be a valid reason. He did not. Everyone suffers a relative lack of insight about various things at least occasionally. Everyone is sometimes "irresponsible" in some way or another. Such a vague and undefinable and hardly qualifiable reason should not be a basis for departure.
I would quash the sentence and remand for resentencing.
NOTES
[1] § 784.045(1)(a), Fla. Stat. (1983).
[2] Fla.R.Crim.P. 3.701.d.11.
[3] Hankey v. State, 485 So.2d 827 (Fla. 1986) (dictum); Brooks v. State, 487 So.2d 68 (Fla. 1st DCA 1986); Ochoa v. State, 476 So.2d 1348 (Fla. 2d DCA 1985); Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA 1985) (dictum), review denied, 476 So.2d 675 (Fla. 1985).
[4] Seven different offenses.
[5] Albritton v. State, 476 So.2d 158 (Fla. 1985).