PER CURIAM.
Appellant, Walter L. Moore, appeals the sentence imposed by the trial court. We reverse and remand for resentencing.
While on probation for two counts of sexual battery, appellant was convicted of two counts of armed robbery, one count of aggravated assault, and one count of attempted first degree murder. Prior to sentencing, appellant pled guilty to violating his probation. The guidelines scoresheet prepared for sentencing indicated 775 total points and a presumptive sentence of life imprisonment.
The trial court departed from the presumptive sentence by sentencing appellant to concurrent terms of life imprisonment for each armed robbery, a concurrent term of five years imprisonment for the aggravated assault, a consecutive term of life imprisonment for the attempted first degree murder, and two terms of fifteen years imprisonment, to run concurrently with appellant’s consecutive life sentence, for the sexual battery convictions. This timely appeal followed.
We find that only the first of the trial court’s eight written reasons, i.e., that appellant’s victim was a law enforcement officer acting in the line of duty, constitutes a clear and convincing reason justifying departure from the presumptive guidelines sentence. Baker v. State, 483 So.2d 423, 424 (Fla.1986). The trial court’s other reasons for departure are either unsupported by credible facts proven beyond a reasonable doubt, see Lerma v. State, 497 So.2d 736 (Fla.1986), or are invalid reasons for departure.
Because the departure was based on both valid and invalid reasons and the state failed to establish beyond a reasonable doubt that the trial court would have departed absent consideration of the invalid *1141 reasons, we reverse appellant’s sentence and remand for resentencing. See Albritton v. State, 476 So.2d 158, 160 (Fla.1985). On remand, the trial court may depart from the presumptive sentence if such departure is based only upon proper, clear and convincing reasons.
Reversed and remanded.
DANAHY, C.J., and SCHOONOVER and SANDERLIN, JJ., concur.