508 So.2d 486 (1987)
Pedro NEWLAND, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-190.
District Court of Appeal of Florida, Third District.
June 9, 1987.
Bennett H. Brummer, Public Defender, and William Castro, Sp. Asst. Public Defender, and John H. Lipinski, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark S. Dunn, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
Newland appeals from the imposition of a sentence outside of that recommended by the sentencing guidelines. The trial judge relied upon three reasons in deciding to depart from the guidelines. The state has conceded that two of the reasons are invalid, but maintains that the third reason, that Newland has demonstrated an escalating pattern of criminal activity, is a valid basis for departure and that the trial judge would have departed even absent the invalid reasons. We agree and affirm the sentence.
Newland was convicted of armed robbery. The trial judge determined that the recommended sentence was 3 1/2 to 4 1/2 years of incarceration based on the guidelines *487 score sheet.[1] The trial judge then imposed a sentence of forty years' incarceration. As a basis for departure from the guidelines, the judge relied upon, inter alia, an escalating pattern of more serious offenses. The Supreme Court of Florida recently held that the escalation of a defendant's violent behavior presents a clear and convincing basis for departure, where a defendant's record actually supports such a finding. Keys v. State, 500 So.2d 134 (Fla. 1986). In Keys, the court found that the commission of several offenses, ranging from crimes against property to crimes against persons, over the course of thirteen years represented a pattern of escalating criminal behavior and supported departure from the guidelines.
In Williams v. State, 504 So.2d 392 (Fla. 1987), the court again affirmed a defendant's "escalating course of criminal conduct" as a valid basis for departure from the guidelines, stating that
[n]either the continuing and persistent pattern of criminal activity nor the timing of each offense in relation to prior offenses and release from incarceration or supervision are aspects of a defendant's prior criminal history which are factored in to arrive at a presumptive guidelines sentence. Therefore, there is no prohibition against basing a departure sentence on such factors.
Williams, 504 So.2d at 393. In that case, the defendant had committed nine offenses over ten years, ranging from shoplifting and burglary to arson, assault and aggravated battery. The court found that this record supported a finding of an escalating course of criminal conduct.
In the present case, the record shows that Newland was convicted of trespassing in a structure in 1982 and sentenced to one year imprisonment. In 1983, less than one year from the date of his previous sentence, he was convicted of loitering. He was then convicted of disorderly conduct and resisting arrest without violence in August 1984 and sentenced to seventeen days time served. Later the same year he was convicted of the improper exhibition of a weapon for which he was sentenced to time served. In September 1985, he was convicted of trespassing and again sentenced to time served. In November 1985, Newland was convicted of the offense charged in this case, armed robbery. This list may not be exhaustive of Newland's convictions, as he has used at least one alias in the past. As in Keys and Williams, however, the record in this case  that Newland committed at least six offenses over the course of three years, interrupted only by short sentences of imprisonment  supports the trial judge's finding that Newland exhibited a very regular pattern of escalating criminal activity, eventually ending with his conviction of the very serious offense of armed robbery. Therefore, we find the trial court's reliance on Newland's pattern of criminal activity to be a clear and convincing reason for departure which is supported by the record.
If it is evident, beyond a reasonable doubt, that the trial court would have departed even absent any invalid reasons, the sentence may be affirmed. Albritton v. State, 476 So.2d 158 (Fla. 1985). In this case, the trial judge's pronouncement, that each reason, standing alone, would have provided sufficient cause to depart from the recommended guidelines sentence, provides ample evidence that the invalid reasons had no affect upon Newland's sentence. See Sias v. State, 487 So.2d 1180, 1181 (Fla. 3d DCA 1986). Accordingly, we
Affirm.
NOTES
[1] Although the score sheet reflects that none of Newland's prior convictions were factored into the scoring, the recommended sentence under the guidelines would have been the same for a correctly calculated score sheet as it was for the incorrectly calculated score sheet. Thus, any asserted error in calculation was harmless error.