509 So.2d 1269 (1987)
Michael Ray BULGER, Appellant,
v.
STATE of Florida, Appellee.
No. BN-371.
District Court of Appeal of Florida, First District.
July 10, 1987.
Michael E. Allen, Public Defender, Kenneth L. Hosford, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
*1270 NIMMONS, Judge.
This is an appeal from a sentence exceeding the recommended guidelines range after a plea of nolo contendere to second-degree murder and shooting into an occupied vehicle. We reverse and remand for resentencing.
From the state's recitation of facts upon the entry of the nolo plea, it appears that appellant and a friend of his had an encounter at the Green Frog nightclub with Michael Johnson (the club's "bouncer") and the victim as a result of the creation of a disturbance by the appellant and his friend. The appellant and his friend left and went to another friend's home, obtained a shotgun and returned to the Green Frog in appellant's truck. As the appellant drove by the Green Frog, Johnson and the victim got into Johnson's Jeep in order to follow the appellant and get the tag number of the truck. Appellant made a U-turn and headed in the opposite direction. As appellant was passing the Jeep, appellant fired a single shot into the Jeep inflicting the fatal wound to the victim's head. Johnson was also wounded. This incident occurred on a highway on which there was vehicular traffic and near which there was a bar, convenience store, motel and parking lot.
The trial court departed from the recommended sentencing guidelines range of 17-22 years, and sentenced the appellant to life imprisonment on the murder count and a term of 15 years on the other count. The following reasons were given:
1) The defendant's crime posed an extreme risk to the physical safety of other citizens. The defendant fired the shotgun on a public highway, raising the prospect of innocent bystanders being wounded or causing a traffic accident which might have involved innocent third parties.
2) The facts of this case indicate that the Defendant and his Co-Defendant, following a confrontation with the victims, left the area, secured a weapon (a shotgun) and then returned to the area in search of further confrontation with the victims.
The first reason, risk to safety of others, has repeatedly been considered valid where supported by the record. E.G. Hannah v. State, 480 So.2d 718 (Fla. 4th DCA 1986); Mathis v. State, 498 So.2d 647 (Fla. 1st DCA 1986). Unnecessary risk of harm to others is supported by this record in this case.
The second reason  that defendant left the scene to obtain the gun and returned to seek out the victim  is an invalid reason to depart from a conviction for second-degree murder. According to the Florida Supreme Court, such reason is tantamount to a finding of premeditation, a finding which is impliedly negated by the absence of a first-degree murder conviction. Scurry v. State, 489 So.2d 25 (Fla. 1986) (defendant exonerated of premeditation by reason of verdict of lesser offense of second-degree murder). This rationale is applicable even where the second-degree murder conviction is the result of a plea, as in the instant case. Davis v. State, 489 So.2d 754 (Fla. 1st DCA 1986).
Because we cannot find that the trial court would have imposed the same sentence with only the one valid reason for departure, pursuant to Albritton v. State, 476 So.2d 158 (Fla. 1985), we REVERSE and REMAND for resentencing.
SHIVERS and THOMPSON, JJ., concur.