# STATE OF FLORIDA v JEFFERSON
## Case No. 87-28620
Eleventh Judicial Circuit, Dade County

August 17, 1988

## OPINION OF THE COURT

MARGARITA ESQUIROZ, Circuit Judge.

### *WRITTEN STATEMENT DELINEATING REASONS FOR DEPARTURE FROM GUIDELINES SENTENCE*

The Defendant was tried and found guilty by a jury of the crimes of aggravated assault and grand theft. He was acquitted of burglary of an occupied conveyance, robbery, and resisting officer with violence to his person in the same trial. At the sentencing hearing, the Court heard argument and gave the state and the defense the opportunity to present evidence in aggravation and in mitigation of the sentence recommended by the sentencing guidelines. Having fully considered and evaluated the argument and evidence presented, the Court finds clear and convincing reasons justifying departure to aggravate the sentence as follows:

1. The victim of the aggravated assault was a uniformed police officer driving a marked police car. The Defendant was found guilty of

aggravated assault committed with an automobile upon the police officer, the scenario of which included a high speed chase on I-95 during which the pursuing officer's safety and life were gravely endangered by the Defendant's actions. The fact that the victim of the crime is a uniformed police officer acting in the line of duty is a valid reason for departure from the guidelines. *State v Baker*, 483 So.2d 423 (Fla. 1986), *aff'd.*, *Baker v State*, 466 So.2d 1144 (Fla. 3d DCA 1985); *Moore v State*, 506 So.2d 1140 (Fla. 2d DCA 1987); *Williams v State*, 492 So.2d 1171 (Fla. 5th DCA 1986). As reasoned in *Baker*:

> " '[t]here is a special interest in affording protection to . . . public servants who regularly must risk their lives in order to guard the safety of other persons and property" '. *Roberts v Louisiana*, 431 U.S. 633, 636 [97 S. Ct. 1993, 1995, 52 L.Ed.2d 637] (1977). Since, as can be seen, the protection of police officers is a valid societal objective which justifies legislation making police officers a special class of crime victims, we see no reason why a court may not validly pronounce as a reason for departing from sentencing guidelines that a defendant who chooses to make a police officer acting in the line of duty the victim of his crime is to be treated differently than a defendant who commits the same crime upon an ordinary citizen. *State v Baker, supra*, 483 So.2d at 424.

2. The Defendant created an extreme risk to the safety of both other citizens and law enforcement officers in his attempt to elude the officers and escape apprehension. *Scott v State*, 508 So.2d 335 (Fla. 1987) and *Scott v State*, 469 So.2d 865 (Fla. 1st DCA 1985) (reckless manner in which Defendant attempted his escape after the crime, by abandoning a still-moving vehicle which ran amok before crashing, justified departure from guidelines); *Scurry v State*, 489 So.2d 25, 29 (Fla. 1986); *Bulger v State*, 509 So.2d 1269 (Fla. 1st DCA 1987); *Garcia v State*, 454 So.2d 714 (Fla. 1st DCA 1984). In *Bulger*, the Defendant pled no contest and was convicted of murder in the second degree and of shooting into an occupied vehicle. He had fired a fatal shot into a jeep, killing one occupant and wounding the other. The appellate court noted that the incident occurred on "a highway on which there was vehicular traffic and near which there was a bar, convenience store, motel and parking lot." *Bulger v State, supra*, 509 So.2d at 1270. The Court upheld the trial court's stated reason for departure as follows:

> The defendant's crime posed an extreme risk to the physical safety of other citizens. The defendant fired the shotgun on a public highway, raising the prospect of innocent bystanders being wounded or causing a traffic accident which might have involved innocent third parties. *Id.* at 1270.

Likewise, in the present case, I-95 is a well-traveled multi-lane interstate highway used by citizens at all hours of day and night. It connects the northermost part of the Greater Miami Area (as well as other populous counties to the North of Dade) to the center and southern parts of the area. There can be little doubt that a high speed chase of a fleeing suspect by a police officer on such a road creates a very high risk of danger, not only to the fleeing suspect and the pursuer, but also to other ordinary citizens who may happen to find themselves in the path of danger at the time.

3. The Defendant has committed the instant offenses a short time after release from prison. *Williams v State,* 504 So.2d 391 (Fla.1987); *Jones v State,* 501 So.2d 178 (Fla. 5th DCA 1987); *Nixon v State,* 494 So.2d 222 (Fla. 1st DCA 1986); *White v State,* 481 So.2d 993 (Fla. 5th DCA 1986). On October 6, 1986, the Defendant was sentenced, upon revocation of probation, to three years incarceration in the State penitentiary for robbery (Case No. 83-26473 B), aggravated assault and possession of a weapon by a convicted felon (Case No. 86-11700 C), and to one year for resisting officer without violence (Case No. 83-26473 B), said sentences to run concurrently. (See Criminal History attached). Only nine and one-half (9½) months later, on September 1 and 2, 1987, the Defendant committed the instant offenses.

4. The Defendant has demonstrated an escalating pattern of criminal conduct. *See Williams v State,* 504 So.2d 392 (Fla. 1987); *Keys v State,* 500 So.2d 134 (Fla. 1986); *Newland v State,* 508 So.2d 486 (Fla. 3d DCA 1987). The Defendant is now 21 years old, his date of birth being November 28, 1988. At the age of 16, on March 23, 1983, he was arrested for grand theft of a vehicle and resisting officer without violence. Adjudication was withheld for those juvenile offenses. (Case No. J83-9632 in Defendant's Criminal History). On December 23, 1983, while he was 17, the Defendant was arrested for robbery and resisting officer without violence, placed on probation, and on October 6, 1986, his probation was revoked and he was sentenced to three (3) years incarceration in the State penitentiary for robbery and to one (1) year for resisting, the sentences to run concurrently, in Case No. 83-16473 B. On August 3, 1985, he was arrested for misdemeanor possession of marijuana and convicted and sentenced to twenty-one (21) days in jail on August 22, 1985, on said charge (Case No. 85-19020). On April 28, 1986, he was arrested, inter alia, for aggravated assault and possession of a weapon by a convicted felon, and convicted and sentenced to three (3) years incarceration on said charges on October 6, 1986, in Case No. 86-11700 C, said sentences to run concurrent with the three-(3)-year sentence imposed in Case No. 83-

228

16473 B, upon revocation of probation. On September 2, 1987, the Defendant was arrested for the instant offenses and later convicted of aggravated assault and grand theft in the present case. Thus, no sooner was the Defendant released from custody for one crime then he was again in custody for the next, evidencing a continuing and persistent pattern of criminal activity featuring thefts, robbery, and resisting arrest, as set forth above. As stated by the Court in *Williams v State*, 504 So.2d 392, 393 (Fla. 1987):

. . . Neither the continuing and persistent pattern of criminal activity nor the timing of each offense in relation to prior offenses and release from incarceration or supervision are aspects of a defendant's prior criminal history which are factored in to arrive at a presumptive guidelines sentence. Therefore, there is no prohibition against basing a departure sentence on such factors. *Id.* at 393. And as reasoned in *Newland v State*, 508 SO.2d 486, 487 (Fla. 3d DCA 1987):

. . . [T]he record in this case—that Newland committed at least six offenses over the course of three years, interrupted only by short sentences of imprisonment— supports the trial judge's finding that Newland exhibited a very regular pattern of escalating criminal activity, eventually ending with his conviction of the very serious offense of armed robbery. Therefore, we find the trial court's reliance on Newland's pattern of criminal activity to be a clear and convincing reason for departure which is supported by the record. *Id.* at 487.

5. Finally, the defense has adopted the position that this Court may not aggravate the sentence beyond the range recommended by the guidelines inasmuch as the Defendant was acquitted of some of the crimes with which he was charged in this multi-count information. This position seeks to lack merit in light of the holdings of certain recent Florida appellate opinions construing the guidelines. In *Garcia v State*, 454 So.2d 714 (Fla. 1st DCA 1984), the District Court of Appeal, First District, ruled that the sentencing court has discretion to consider all facts and circumstances surrounding the criminal conduct of the accused, even though some of the charges stemming from the criminal episode have been previously dismissed by the State and no convictions obtained therefor. Thus, departure from the guidelines has been deemed justified where the Defendant engaged in a "crime binge" or "crime wave" occurring over a two-day period, as a departure based upon circumstances surrounding the offenses for which convictions were obtained, even though some of the charges constituting the "crime binge" have een dismissed by the state. *Garcia v State, supra*, at

718. *See also Manning v State,* 452 So.2d 136 (Fla. 1st DCA 1984). The instant offenses were committed over a two-(2)-day span, the theft of the automobile occurring on September 1, 1987, and the aggravated assault on the police officer occurring on the next day. The court has discretion to consider the facts and circumstances surrounding this two-(2)-day criminal episode.

This court would depart from the sentencing guidelines on the basis of any one of the reasons expressed in this Order, independently of the others. This court specifically finds that each reason, standing alone, provides sufficient cause to depart from the recommended guidelines sentence and impose a longer sentence of imprisonment.

WHEREFORE, this court departs from the sentencing guidelines and sentences the Defendant to five (5) years incarceration in the State penitentiary as to Count I, and to five (5) years incarceration as to Count IV, to run consecutive to the sentence imposed as to Count I with credit for time served.

DONE AND ORDERED at Miami, Dade County, Florida, this 17th day of August, 1988.