## STATE OF FLORIDA v PEREZ

### Case Nos. 88-13023 and 88-16134

Eleventh Judicial Circuit, Dade County

February 10, 1989 (nunc pro tunc 10/31/88)

### APPEARANCES OF COUNSEL

Office of the State Attorney, for plaintiff.

Office of the Public Defender, for defendant.

### OPINION OF THE COURT

MARGARITA ESQUIROZ, Circuit Judge.

*WRITTEN STATEMENT DELINEATING REASONS FOR DEPARTURE FROM GUIDELINES SENTENCE*

On August 16, 1988, the Defendant was placed on community control for one (1) year for the offenses of sale, purchase or delivery of a controlled substance and grand theft. As a special condition thereof, the Defendant was sentenced to ninety (90) days incarceration in the county jail. The "Judgment of Guilt Placing Defendant in Community

Control" is attached to this Written Statement and made a part hereof by reference. Less than one (1) month after being placed on community control, the Defendant was charged with violating community control. At a violation hearing held herein, the Court has found the Defendant in violation of community control and has revoked community control. On the issue of sentencing, the Court has heard argument and has given the state and the defense the opportunity to present argument and evidence in aggravation and in mitigation of the sentence recommended by the sentencing guidelines, which in this case falls in the recommended range of 3½ to 4½ years incarceration in state prison. The Court has fully considered and evaluated the argument and evidence presented, and finds that the violations of community control were both substantive and technical in nature, more weight being given to the substantive violations. The Court finds reasons justifying departure to aggravate the sentence as follows:

1. The substantive violations occurred less than one (1) month from the date the Defendant was placed on community control and less than one (1) month following his release from the 90-day jail term imposed as a condition thereof. The fact that a Defendant commits law violations a short time after released from prison constitutes a valid reason justifying upward departure from the sentencing guidelines. *Williams v State,* 504 So.2d 392 (Fla. 1987); *Jones v State,* 501 So.2d 178 (Fla. 5th DCA 1987); *Nixon v State,* 494 So.2d 222 (Fla. 1st DCA 1986); *White v State,* 481 So.2d 993 (Fla. 5th DCA 1986).

2. The Defendant's law violations demonstrate a continuing and escalating pattern of criminal behavior, including offenses committed as a juvenile, as well as later as an adult for which he has served terms of incarceration in state prison. *See Williams v State,* 504 So.2d 392 (Fla. 1987); *Keys v State,* 500 So.2d 134 (Fla. 1986); *Newland v State,* 508 So.2d 486 (Fla. 3d DCA 1987). The Defendant is now 21 years old, his date of birth being July 3, 1967. He was adjudicated delinquent and committed as a juvenile twice, once at the age of 15 (on June 21, 1983), and again at age 16 (on May 2, 1984), for burglary and misdemeanor offenses. (Case Nos. 83-8962A and 83-14703 in Defendant's Criminal History attached to this Written Statement and made a part hereof by reference). Since then, he has been on probation as an adult in Case Nos. 84-1158, 84-6739 and 84-15302. At age 18 (on September 17, 1985) he was sentenced to 42 months incarceration for the offense of grand theft in Case No. 84-1158, and to concurrent terms of three (3) years incarceration in Case No. 84-6739 for burglary and grand theft, as well as in Case No. 84-15302 for grand theft. At age 19 (on August 4, 1986), the Defendant was convicted of possession

94

of burglary tools and another felony for which he was sentenced to 364 days incarceration. Also at age 19 (on July 3, 1986), the Defendant was charged with escape and was convicted therefor on March 25, 1987, in Case No. 86-18746, at which time he was sentenced to one (1) year and one (1) day incarceration to run consecutive to the sentence he was then serving. Next came the arrests in these two cases for sale of a controlled substance and grand theft, respectively. These arrests followed one another by less than two (2) months—in March and May of 1988—. Approximately three (3) months later, the Defendant was placed on community control in these two cases and quickly thereafter violated community control, managing yet a new substantive charge while on community control. Thus, no sooner was the Defendant released from custody for one crime than he was again in custody for the next, evidencing a continuing and persistent pattern of criminal activity featuring burglary, thefts, and even escape. As stated by the Court in *Williams v State,* 504 So.2d 392, 393 (Fla. 1987):

. . . Neither the continuing and persistent pattern of criminal activity nor the timing of each offense in relation to prior offenses and release from incarceration or supervision are aspects of a defendant's prior criminal history which are factored in to arrive at a presumptive guidelines sentence. Therefore, there is no prohibition against basing a departure sentence on such factors. *Id.* at 393. And as reasoned in *Newland v State,* 508 So.2d 486, 487 (Fla. 3d DCA 1987):

. . . [T]he record in this case—that Newland committed at least six offenses over the course of three years, interrupted only by short sentences of imprisonment—supports the trial judge's finding that Newland exhibited a very regular pattern of escalating criminal activity, eventually ending with his conviction of the very serious offense of armed robbery. Therefore, we find the trial court's reliance on Newland's pattern of criminal activity to be a clear and convincing reason for departure which is supported by the record. *Id.* at 487.

3. The Defendant created an extreme risk to the safety of both law enforcement officers and other citizens in his attempt to elude the officers and escape apprehension by running across Interstate 95, a well-travelled multi-lane interstate expressway used by citizens at all hours of day and night. *See Scott v State,* 508 So.2d 335 (Fla. 1987) and *Scott v State,* 469 So.2d 865 (Fla. 1st DCA 1985) (reckless manner in which Defendant attempted his escape after the crime, by abandoning a still-moving vehicle which ran amok before crashing, justified departure from guidelines); *Scurry v State,* 489 So.2d 25, 29 (Fla.

**95**

1986); *Bulger v State*, 509 So.2d 1269 (Fla. 1st DCA 1987); *Garcia v State*, 454 So.2d 714 (Fla. 1st DCA 1984). In *Bulger*, the Defendant pled no contest and was convicted of murder in the second degree and of shooting into an occupied vehicle. He had fired a fatal shot into a jeep, killing one occupant and wounding the other. The appellate court noted that the incident occurred on "a highway on which there was vehicular traffic and near which there was a bar, convenience store, motel and parking lot." *bulger v State, supra*, 509 So.2d at 1270. The Court upheld the trial court's stated reason for departure as follows:

> The defendant's crime posed an extreme risk to the physical safety of other citizens. The defendant fired the shotgun on a public highway, raising the prospect of innocent bystanders being wounded or causing a traffic accident which might have involved innocent third parties. *Id.* at 1270.

Needless to say, the chase by a police officer of a suspect running across I-95 creates a high risk of danger, not only to the fleeing suspect and the pursuer, but also to other ordinary citizens who may happen to find themselves in the path at the time.

4. This court would depart from the sentencing guidelines on the basis of any one of the reasons expressed in this Order, independently of the others. This court specifically finds that each reason, standing alone, provides sufficient cause to depart from the recommended guidelines sentence and impose a longer sentence of imprisonment.

WHEREFORE, this court departs from the sentencing guidelines and sentences the Defendant to fifteen (15) year incarceration in the State penitentiary in Case No. 88-13023, and to five (5) years incarceration as to Count I in Case No. 88-16134, to run concurrent with the sentence imposed in Case No. 88-13023 with credit for time served.

DONE AND ORDERED at Miami, Dade County, Florida this 10th day of February, 1989, nunc pro tunc October 31, 1988.