PER CURIAM.
Without uttering a reason, the defendant allegedly approached the victim on a street corner, pulled a gun, and ordered the victim to remain in place. Ignoring the instruction, the victim fled and was shot in the back. The defendant, who had recently been released from prison, got into an automobile and left the scene.
The victim testified that he fled because he recognized the defendant as a feared person who had previously been involved in an altercation with a mutual acquaintance. He identified the defendant from a batch of police photographs, calling him by his street name “Poppy Dread.” He again identified the defendant at trial.
Cosatime, the alleged gunman, appeals his conviction for aggravated battery entered on a jury verdict. Two issues are raised, one challenging the sufficiency of the evidence, and the other challenging the validity of a departure sentence where one of the two grounds given was invalid. Neither point has merit. See Tibbs v. State, 397 So.2d 1120 (Fla.) (conflicts in evidence must be resolved in favor of a jury verdict), cert. granted, 454 U.S. 963, 102 S.Ct. 502, 70 L.Ed.2d 378 (1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); § 921.001(5), Fla.Stat. (1989) (sentence will be upheld where at least one factor justifies departure).
Affirmed.