ALTENBERND, Judge.
Raymond Gonzalez appeals his conviction and sentence for trafficking in cocaine. We affirm his conviction without comment. We also affirm his upward departure sentence because one of the three written reasons for departure is valid. § 921.001(5), Fla.Stat. (1987).
The trial court sentenced Mr. Gonzalez to 30 years’ imprisonment. The scoresheet recommended a sentence between 7 and 9 years’ imprisonment. The departure was based upon: 1) the professional manner in which the crime was committed, 2) the fact that the defendant was out on bond concerning another charge at the time of this offense, and 3) an escalating pattern of criminal conduct.
First, the trial court merely followed our precedent when it relied upon the professional manner used to commit the offense as a reason for an upward departure. Nevertheless, it is now clear that this is not a valid reason for departure. Hernandez v. State, 575 So.2d 640 (Fla.1991). Thus, the first basis for departure cannot be sustained.
Second, the trial court used Mr. Gonzalez’s status as an accused on bond concerning an unresolved offense as a reason to depart from the guidelines. This is not permissible. Walker v. State, 555 So.2d 1221 (Fla. 1st DCA 1989).
Finally, the trial court relied upon an escalating pattern of nonviolent criminal activity as a reason for departure. In March 1986, Mr. Gonzalez committed the offenses of battery and possession of cocaine. In April 1987, he committed the offenses of possession of cocaine, illegal display of a firearm, and possession of a firearm by a convicted felon. In December 1987, he committed this trafficking offense. Thus, the offenses begin with a misdemeanor and a third-degree felony and end with a first-degree felony. The supreme court has recently approved a pattern of escalating, nonviolent criminal activity as a valid ground for departure. Williams v. State, 581 So.2d 144 (Fla.1991). As a result, this departure sentence is supported by a valid reason.
Affirmed.
FRANK, A.C.J., and HALL, J., concur.