604 So.2d 23 (1992)
Morris Bill ALLEN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 91-1989.
District Court of Appeal of Florida, Fifth District.
August 14, 1992.
James B. Gibson, Public Defender, and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
GRIFFIN, Judge.
Morris Bill Allen, Jr. ("defendant") timely appeals a departure sentence. We reverse.
On April 12, 1991, Richard White, an undercover police officer, was driving slowly through defendant's neighborhood. Defendant, who allegedly had been drinking heavily, was standing by the side of the road. As White pulled to a stop, he waved casually at defendant, spoke briefly to him, and then turned away. After someone called to the officer, identifying him as such, defendant, without warning, picked up a small concrete block, hauled back and threw the block with great force at the officer's head from a distance of no more than 10 feet. As a consequence, the officer suffers some blurred vision, hearing loss and equilibrium impairment.
Defendant was charged by amended information with the attempted murder of a law enforcement officer.[1] After a jury trial, he was found guilty of the lesser included offense of attempted second degree murder. At the sentencing hearing, the trial judge unilaterally amended defendant's scoresheet to include points for "severe" victim injury. The trial judge then departed from the guidelines sentence because the victim was a law enforcement officer and due to defendant's excessive use of force.
On appeal, defendant contends that both reasons for departure are invalid. We agree. The fact that the victim of the attempted murder was an on-duty police officer cannot be used as a reason for *24 departure because reasons for deviating from the guidelines cannot include "factors relating to the instant offenses for which convictions have not been obtained." Fla. R.Crim.P. 3.701(d)(11).[2] Here, although defendant was charged and tried on the charge of the attempted murder of a law enforcement officer, he was convicted only of the lesser included offense of attempted second degree murder. This makes the victim's status as a police officer a factor for which no conviction was obtained.
That the defendant in this case was charged with, but not convicted of, the attempted murder of a law enforcement officer is what distinguishes this case from State v. Baker, 483 So.2d 423 (Fla. 1986) and Brown v. State, 538 So.2d 116 (Fla. 5th DCA), rev. denied, 545 So.2d 1366 (Fla. 1989), relied on by the state on appeal.[3] Both of these earlier cases involve offenses committed prior to the 1988 enactment of sections 775.0825 and 784.07(3), Florida Statutes, which together provide enhanced penalties for any person convicted of the attempted murder of a law enforcement officer. Ch. 88-373, Laws of Fla.[4] In neither of these earlier cases was the victim's status as an on-duty police officer an element of the offense as charged.
The other reason for departure given by the trial judge was that the force used during defendant's attack was extreme, and the attack was particularly violent and aggravated. In general, where "severe" victim injury has been factored into the scoresheet, the use of extreme force may not be used as a basis for departure. Simmons v. State, 570 So.2d 1383 (Fla. 5th DCA 1990). While an exception to this rule permits departure where the egregious nature of the defendant's conduct goes well beyond the element of victim injury calculated by the guidelines, cases that have permitted departure for this reason most frequently involve conduct that is gratuitous or beyond the violent act which constituted the commission of the offense.[5] Regardless of whether a single blow can constitute excessive force, defendant's conduct in this case does not qualify for a guidelines departure.
REVERSED and REMANDED.
W. SHARP, and HARRIS, JJ., concur.
NOTES
[1] §§ 775.0825, 777.04, 782.04 and 784.07(3), Fla. Stat. (1989).
[2] See, e.g., State v. Fletcher, 530 So.2d 296 (Fla. 1988) (factors inherent in offenses for which convictions were not obtained cannot be used as basis for departure); Scurry v. State, 489 So.2d 25 (Fla. 1986) (same).
[3] At sentencing, the state agreed with defense counsel that the failure of the jury to find defendant guilty of attempting to murder a law enforcement officer precluded departure from the guidelines.
[4] In Baker, the defendant had been charged with attempted first-degree murder and six varying third degree felonies. Baker v. State, 466 So.2d 1144, 1145 (Fla. 3d DCA 1985), affirmed, 483 So.2d 423 (Fla. 1986). In Brown, the defendant was charged with attempted murder and the use of a firearm in the commission of a felony.
[5] State v. McCall, 524 So.2d 663 (Fla. 1988); Hall v. State, 517 So.2d 692 (Fla. 1988); Vanover v. State, 498 So.2d 899 (Fla. 1986); Simmons v. State, 570 So.2d 1383 (Fla. 5th DCA 1990); Henderson v. State, 567 So.2d 493 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 164 (Fla. 1991); Williams v. State, 531 So.2d 212 (Fla. 1st DCA 1988). Of these cases, only Vanover involved a single act which itself constituted the offense.