625 So.2d 960 (1993)
Johnathan Carl BROWNING, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1194.
District Court of Appeal of Florida, Fifth District.
October 22, 1993.
James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
Johnathan Carl Browning ("Browning") appeals his departure sentence for the offenses of battery on a law enforcement officer and resisting arrest with violence. The trial judge imposed a sentence in excess of the permitted guideline sentence. We reverse.
Browning was charged with three counts of battery on a law enforcement officer[1] and one count of resisting arrest with violence.[2] He was tried by jury and found guilty of Counts III and IV. The state and defense stipulated that his presumptive sentence fell within the second cell of the sentencing guidelines permitting a sentence of up to three and one-half years in prison. Fla.R.Crim. P. 3.988(d). The trial court departed from the permitted guidelines sentence and sentenced Browning to five years in the Department of Corrections ("DOC") *961 on Count III, with a consecutive sentence of three years in the DOC followed by two years probation on Count IV. Since this was a departure sentence, the trial court entered written reasons for departure:
1. The Defendant has twice previously chosen law enforcement as his victims.
2. The Defendant has previously received prison time for a crime involving law enforcement as a victim.
3. Defendant was on bond status at the time of the instant offense in a pending case in another jurisdiction.
These are the only reasons listed by the trial judge for departure. Each of these reasons, however, is invalid and the sentences must be reversed.
Reasons one and two can be considered together because they involve the defendant's prior criminal record of offenses involving law enforcement officers as victims. The record before this court indicates that the defendant was convicted of aggravated battery on 30 April 1981 and sentenced to two years with credit for time served. The defendant was next convicted on 22 June 1982 for resisting arrest without violence and sentenced to 30 days with credit for time served. There was an intervening period of approximately ten years from the date of his last incarceration until the date of his conviction in the present case. This does not constitute a "persistent" pattern of violence against law enforcement. Nor does this show an escalating pattern of criminal conduct which can be sanctioned as a written reason for departure. See State v. Jones, 530 So.2d 53 (Fla. 1988); Mobley v. State, 548 So.2d 1180 (Fla. 2d DCA 1989); Mooney v. State, 516 So.2d 333 (Fla. 1st DCA 1987). Reasons one and two are also insubstantial because the prior crimes had already been factored into Browning's guideline sentence as his prior criminal record to arrive at the presumptive sentence. Fowler v. State, 482 So.2d 602 (Fla. 5th DCA 1986) (citing Hendrix v. State, 475 So.2d 1218 (Fla. 1985)). The trial judge seeks to use one offense twice. This would have the effect of allowing the trial court to punish Browning twice for the same offense. The Supreme Court of Florida has stated:
To allow the trial judge to depart from the guidelines based upon a factor which has already been weighted in arriving at a presumptive sentence would in effect be counting the convictions twice which is contrary to the spirit and intent of the guidelines.
Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Further, the fact that the victim was a law enforcement officer is not a valid reason for departure if the crime is one that was specifically drafted to protect law enforcement officers. If a law enforcement officer, as victim, is an element of the crime, then that factor cannot be used as a basis for a departure sentence. Allen v. State, 604 So.2d 23 (Fla. 5th DCA 1992); Ostrowski v. State, 509 So.2d 1246, 1247 (Fla. 2d DCA 1987); Cf., State v. Baker, 483 So.2d 423 (Fla. 1986). Therefore, reasons one and two are invalid reasons for departure.
Reason three is invalid because this court has previously held that a defendant's legal status at the time of the offense and his prior criminal convictions are invalid reasons for departure. Fla.R.Crim.P. 3.701(d)(11); Brown v. State, 481 So.2d 1271, 1272 (Fla. 5th DCA 1986); Gonzalez v. State, 581 So.2d 648 (Fla. 2d DCA 1991). Nor, upon remand, can the defendant's bond status be used and scored as prior legal constraint. This is strictly prohibited by a criminal rule of procedure and case law. See Fla.R.Crim.P. 3.701(d)(6); Jones v. State, 520 So.2d 672 (Fla. 5th DCA 1988).
Since all the written reasons given by the court are invalid, the sentences of Browning are quashed and the case remanded for resentencing within the presumptive guideline sentence. At the resentencing, the trial court may not enunciate new reasons for a departure sentence. Shull v. Dugger, 515 So.2d 748 (Fla. 1987); Rivero v. State, 592 So.2d 381 (Fla. 5th DCA 1992); Clifton v. State, 608 So.2d 890, 891 (Fla. 4th DCA 1992).
REVERSED and REMANDED for resentencing.
HARRIS, C.J., and GOSHORN, J., concur.
NOTES
[1] Section 784.07 Fla. Stat. (1991). Counts I, II, & III.
[2] Section 843.01 Fla. Stat. (1991). Count IV.