THOMPSON, Judge.
Alvin Rias (“Rias”) appeals his departure sentence for his conviction for the offense of battery on a law enforcement officer.[1] We affirm his conviction but vacate his sentence and remand the case for resentencing.
Rias was an inmate in the Brooksville Drug Treatment Road Camp in Hernando County. He violated the camp rules and was disciplined after an administrative hearing. Because he did not like the disposition, he became aggressive and corrections officers had to forcibly restrain him. As a result of the altercation, he was charged with two counts of battery on law enforcement officers, i.e., the corrections officers. He was tried and found guilty by a jury of one count and not guilty of the other. At sentencing, the trial judge considered the sentencing guidelines scoresheet and imposed an upward departure sentence. Pursuant to Florida Rules of Criminal Procedure 3.701(d)(ll), the trial judge gave two reasons for the departure sentence: the victim was a corrections officer and the location of the battery was in a corrections facility. He entered the two reasons for the departure sentence in writing contemporaneously as follows:
The offense for which the Defendant was sentenced occurred at the Brooksville Road Prison. The Victim was a correctional officer. The nature of the Victim together with the location of the offense justify [sic] the imposition of a sentence that departs upwards from the Sentencing Guidelines. The courts must at all times preserve and protect the safety and well being of the prison correctional officers.
The state properly concedes that one of the reasons given for the departure sentence, that the victim was a corrections officer, is an inappropriate reason. A corrections officer is specifically included in the definition of “law enforcement officer” provided by section 784.07(l)(a), Florida Statutes (1993). In effect, Rias would be punished twice for the same reason. The penalty for this battery is increased because the victim is a corrections officer. Normally battery is a misdemeanor of the first degree.[2] The penalty is increased to a felony of the third degree because the victim is a law enforcement officer.[3] Since the victim’s status was an essential element of the crime, it cannot be used as a basis for departure because it is common to all victims of similar crimes. Wemett v. State, 567 So.2d 882 (Fla.1990); Browning v. State, 625 So.2d 960 (Fla. 5th DCA 1993); Fla.R.Crim.P. 3.701(d)(11). This reason is an invalid reason for departure.
The second reason given for departure was the location of the crime at a correctional facility. If this one remaining reason is valid, then the departure sentence is valid. Cosatime v. State, 570 So.2d 396 (Fla. 3d DCA 1990). However, this reason is also invalid. Section 784.07 provides that when a person is charged with battery upon a law enforcement officer while the officer is engaged in the lawful performance of duties, the offense shall be reclassified to a higher level offense. § 784.07(2), Fla.Stat. (1993). Otherwise the crime would be a simple battery. It is expected that corrections officers will more likely than not be assaulted while working at a corrections facility. True, a corrections officer could be the victim of a battery while escorting prisoners on a work detail or to and from a corrections facility, but presumedly the probability is higher for the battery to occur while in a corrections facility, since that is where the prisoners and officers are the majority of the time. Here, *497 the location is an inherent part of the crime and was taken into account when calculating the guidelines scoresheet. Therefore, it cannot be used as a basis for a departure sentence. State v. Mischler, 488 So.2d 523 (Fla.1986); Hendrix v. State, 475 So.2d 1218 (Fla.1985).
Because we find both reasons for an upward departure invalid, we reverse and remand for resentencing. At resentencing, the trial court shall impose a guidelines sentence. The trial court shall not give new reasons for a departure sentence. Shull v. Dugger, 515 So.2d 748 (Fla.1987); Rivero v. State, 592 So.2d 381 (Fla. 5th DCA 1992).
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
PETERSON and GRIFFIN, JJ., concur.

. § 784.07, Fla.Stat. (1993).

. § 784.03(2), Fla.Stat. (1993).

.§ 784.07(2)(b), Fla.Stat. (1993).